OLDENBERG, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 9, 1914—January 12, 1915.*

*Workmen's compensation: Industrial commission: Orders: Evidence.*

1. An order of the industrial commission will not be *held* to have been "in excess of its powers," on the ground that there was no evidence to sustain it, unless there was an entire lack of relevant evidence tending to support the ultimate conclusion of fact upon which the order is based.

2. Findings by the industrial commission in this case that an employee had been fully compensated by his employer for all loss of wage resulting from certain injuries, and that at the time the payment of compensation ceased and he signed a release he had recovered from the effects of the injuries so that he was able to return to work without further loss of wages because of said injuries, are *held* to have support in the evidence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Henry Mahoney* and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. Mahoney.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

TIMLIN, J.   The appellant, while engaged in the performance of his duties as employee of respondent *Milwaukee Electric Railway & Light Company,* was injured on June 20, 1912. Both the appellant and his said employer were then subject to the provisions of ch. 50, Laws of 1911.   The employer furnished the medical attendance required at the time of the accident and paid the appellant sixty-five per cent. of his average weekly wages from the time of the accident until September 9, 1912.   On the day last mentioned the appellant executed a release and returned to work for his said employer as night watchman for wages equal to those he was earning at the time of his injury, and continued at such work until some time in November, 1912, when he was discharged for cause.   After the lapse of a few days he was reinstated as night watchman and worked at this until about January 1, 1913, when work of that kind was discontinued.   Appellant attempted other work, shoveling snow, which he was unable to perform, and he remained idle until the latter part of March, 1913.   At the time last mentioned the work requiring a night watchman was resumed and appellant went back to work and continued until July 8, 1913, when he was again discharged for incompetence.   On August 22, 1913, he made application to the *Industrial Commission* for the benefit to be obtained under the Employers' Liability Act, and after a hearing his application was dismissed by that board.   The

reason for dismissing the application is thus given in the order of the board:

"That the respondent has fully compensated the applicant for all loss of wage resulting from the injuries sustained on June 20, 1912, and that on September 8, 1912, the applicant had recovered from the effects of the injuries so that he was able to return to work without further loss of wages because of injuries sustained on June 20th."

The ruling of the circuit court sustained that of the *Industrial Commission,* and the appellant seeks a reversal on the ground that the order of the *Commission,* being made without any evidence to sustain it, was therefore an order made without jurisdiction.    Sec. 2394—19, Stats. (Laws of 1913, ch. 599).    Manifestly a very clear case must be made to call for a ruling such as that sought by appellant from this court. All evidence which tends to render probable or improbable the existence of the facts which are the subject of inquiry is relevant, and conversely all relevant facts have this tendency. In order to support an argument to the effect that an ultimate conclusion of fact has no evidence to support it there must be shown an absence of all evidence or an absence of any such relevant evidence.    There is much evidence to the effect that the appellant after September 8, 1912, and during the early part of 1913 was nervous and hysterical in a high degree, and also evidence that prior to the injury on June 20th he was in a state of health.    This would have furnished a basis for a finding by the board that he was entitled to compensation.    But it is quite a different thing to say that the board was compelled to so find.    The release executed by the appellant was an item of countervailing evidence in the nature of an admission.    The fact of his going to work and continuing to work as night watchman as above stated was another item; plaintiff's admission that he got along all right at such work another; while the testimony of Drs. Lemon and Mc-

Govern, as we read such testimony, furnishes still another item. We cannot say that the decision of the *Commission* is without any evidence to support it, and therefore the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.