CITY OF MILWAUKEE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 12—March 2, 1915.*

*Workmen's compensation: Findings of fact, when conclusive: Injury to school principal: Service incidental to employment: Death "proximately caused by accident:" Notice of injury.*

1. In the absence of fraud, findings of fact by the industrial commission are conclusive if supported, either directly or by fair inference, by the evidence in any reasonable view of it.

2. The principal of a public school whose duty it was to select a basketball team and who, while supervising for that purpose some test exercises on the school grounds during school hours, was struck and injured by a basketball, was "performing services growing out of and incidental to his employment," within the meaning of sec. 2394—4, Stats. 1911, even if rules of the school board required such exercises to be held at recess.

3. Although such principal was suffering from an advanced stage of arterial sclerosis at the time he was so injured, a finding that the blow from the basketball, which ruptured a blood vessel in his head, proximately caused his death, is *held* not to be without support in the evidence.

4. Proximate cause, as applied to negligence law, has by definition included within it the element of reasonable anticipation; but the right to recover under the Workmen's Compensation Act is not dependent on a question of negligence, and an injury is "proximately caused by accident" within the meaning of sec. 2394—4, Stats. 1911, if it can be traced by physical causation not too remote in time or place to the accident, irrespective of any element of reasonable anticipation.

5. A finding in this case that, although no notice of injury was given to appellant city as required by sec. 2394—11, Stats., there was no intent to mislead the city and it was not in fact misled, is *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to test the validity of an award under the Workmen's Compensation Act. The *Industrial Commission* found:

"That on the 29th day of May, 1912, Julius Torney and the respondent city were both subject to the provisions of chapter 50, Laws of Wisconsin, 1911; that on said 29th day of May, 1912, and for a year and more prior thereto, the said Julius Torney had been in the employ of the respondent as principal of its Fifth Street public school; that his salary was $175 per month, and his annual earnings were in excess of $750 per annum, upon which the maximum disability compensation and benefits may be based; that on said date, while engaged in performing services for the respondent growing out of and incidental to his employment, he sustained an accident resulting in his personal injury, from the effects of which he was totally disabled and from which he died on the 27th day of December, 1912; that such injury and his subsequent death were proximately caused by the accident and were not the result of wilful misconduct; that no written notice of the time and place of the accident was given to the respondent; that the failure to give such notice was not intended by those required to give the same to mislead the respondent, and in fact did not mislead the said city; that the applicant was the wife of said Julius Torney and was living with him as such at the time of the accident and to and including the time of his death; that respondent is liable for compensation and death benefit to the full sum of $3,000; that following the injury the respondent paid $1,495.69 to Julius Torney and the applicant; that $201.44 of this amount represents wages earned by Torney prior to the date of his injury, and $68 represents the amount deducted from his wages prior to that date and paid into the teachers' retirement fund of respondent city; that the balance of $1,226.25 represents the amount which Torney would have earned from the date of his injury to that of his death, provided he had been teaching, and including

also $14 deducted by respondent and paid into its teachers' retirement fund during such period; that this $1,226.25 should be applied by applicant in partial discharge of respondent's liability above, and does discharge it for the period of two years and twenty-seven weeks from the date of the injury or until December 4, 1914; that, except as otherwise ordered, the further liability of $1,773.75 would be payable by respondent to applicant at the rate of $9.37 per week, commencing December 4, 1914; that the interest of all parties will be best conserved by a lump sum payment of such balance at its true present worth, computing interest at the rate of three per cent. per annum, and that the true present worth thereof at this date is $1,640.34."

From an award in accordance with the findings the city of *Milwaukee* appealed to the circuit court for Dane county. It sustained the award of the *Industrial Commission,* and from its judgment plaintiff appealed to this court.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and a reply brief signed also by *Irving A. Fish,* of counsel, and oral argument by *Mr. McIntyre* and *Mr. Fish.* They contended, *inter alia,* that the deceased was not performing services arising out of and incidental to his employment at the time of his alleged injury. *Neumann v. Milwaukee E. R. & L. Co.* 1 Bulletins Ind. Comm. Wis. 92; *Priebe v. Hirsch,* 155 Wis. 181, 144 N. W. 287; *Whitehead v. Reader,* 84 L. T. Rep. 514, 3 Workm. C. C. 40; *Kerr v. William Baird & Co.* 48 Scot. L. Rep. 646, 4 Butterworth's Workm. C. C. 397; *McDaid v. Steel,* 48 Scot. L. Rep. 765, 4 Butterworth's Workm. C. C. 412; *Jenkinson v. Harrison, Ainslie & Co.* 4 Butterworth's Workm. C. C. 194; *Lowe v. Pearson,* 15 T. L. Rep. 124, 1 Workm. C. C. 5. The accident was not the proximate cause of his death. *Brown v. C., M. & St. P. R. Co.* 54 Wis. 350, 363, 11 N. W. 356, 911; *McCarthy v. Travelers' Ins. Co.* 8 Biss. 362; *Hubbard v. Mut. Acc. Asso.* 98 Fed. 930; *Barry v. U. S. Mut. Acc. Asso.* 23 Fed. 712; *U. S. Mut. Acc.*

*Asso. v. Barry,* 131 U. S. 100, 9 Sup. Ct. 755; *White v. Standard L. & A. Ins. Co.* 95 Minn. 77,. 103 N. W. 735, 884; *Nat. M. Acc. Asso. v. Shryock,* 73 Fed. 776; *Milwaukee v. Miller,* 154 Wis. 652, 660, 144 N. W. 188; *Broderick v. London C. Council,* 24 T. L. Rep. 822, 1 Butterworth's Workm. C. C. 219; *Dean v. L. & N. W. R: Co.* 3 Butterworth's Workm. C. C. 351; *Walker v. Lilleshall C. Co.* 16 T. L. Rep. 108, 2 Workm. C. C. 7.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,*. assistant attorney general, and oral argument by *Mr. Gilman.* They argued, among other things, that deceased was performing services arising out of and incidental to his employment. *Cobb v. Simon,* 119 Wis. 597, 603, 604, 92 N. W. 276; *Daley v. C. & N. W. R. Co.* 145 Wis. 249; 254, 255, 129 N. W. 1062; *Reinke v. Bentley,* 90 Wis. 457, 460, 63 N. W. 1055; Dawbarn, Workm. Comp. App. (1910–12) 12–14; Dawbarn, Workm. Comp. App. (1912–13) 13; *Harding v. Brynddu C. Co.* [1911] 2 K. B. 747, 4 Butterworth's Workm. C. C. 269; *Conway v. Pumpherston Oil Co.* 48 Scot. L. Rep. 632, 4 Butterworth's Workm. C. C. 392; *Whitehead v. Reader,* [1901] 2 K. B. 48, 84 L. T. Rep. 514,'3 Workm. C. C. 40; *Johnson v. Marshall, Sons & Co.* 94 L. T. 828, 8 Workm. C. C. 10; *Rumboll v. Nunnery C. Co.* 80 L. T. 42, 1 Workm. C. C. 28; *McNicholas v. Dawson & Son,* [1899] 1 Q. B. 773, 68 L. J. Q. B. 470, 80 L. T. 317, 1 Workm. C. C. 80; *Reeks v. Kynoch,* 18 T. L. Rep. 34, 50 W. R. 113, 4 Workm. C. C. 14; *Robertson v. Allan Bros. & Co.* 98 L. T. 821, 1 Butterworth's Workm. C. C. 172; *Goslan v. James Gillies & Co.* 44 Scot. L. Rep. 71, 14 Scot. L. T. 466; *Edmunds v. Steamship Peterston,* 28 T. L. Rep. 18, 5 Butterworth's Workm. C. C. 157; *Joyce v. Wellingborough I. Co.* '5 Butterworth's Workm. C. C. 126; *Wright v. Scott,* 5 Butterworth's Workm. C. C. 431; *Mawdsley v. West L. C. Cq.* 5 Butterworth's Workm. C. C. 80; *Watkins v. Guest,* 106 L. T. 818, 5 Butterworth's

Workm. C. C. 307.    The accident was the proximate cause of the death.  *Oliver v. La Valle,* 36 Wis. 592, 598; *Stewart v. Ripon,* 38 Wis. 584, 591; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 911; *McNamara v. Clintonville,* 62 Wis. 207, 211, 22 N. W. 472; *Crouse v. C. & N. W. R. Co.* 104 Wis. 473, 483, 80 N. W. 752; *Jones v. P. S. R. Co.* (N. J.) 92 Atl. 397; Boyd, Workm. Comp. § 463; Dawbarn, Employers' L. & W. Comp. (4th ed.) 107 *et seq.; Ystradowen C. Co. v. Griffiths,* 100 L. T. 269, 2 Butterworth's Workm. C. C. 357; Knocker, Dig. of Workm. Comp. Cas. 8–11; *Fenton v. J. Thorley & Co.* 19 T. L. Rep. 684, 5 Workm. C. C. 1; *Hughes v. Clover, C. & Co.* 25 T. L. Rep. 760, 2 Butterworth's Workm. C. C. 15; *Clover, C. & Co. v. Hughes,* 26 T. L. Rep. 359, 3 Butterworth's Workm. C. C. 275; *Ismay, Imrie & Co. v. Williamson,* 42 Irish L. T. 213, 1 Butterworth's Workm. C. C. 232; *M'Innes v. Dunsmuir & J.* 45 Scot. L. Rep. 804, 1 Butterworth's Workm. C. C. 226; *Trodden v. J. McLennard & Sons,* 4 Butterworth's Workm. C. C. 190; 25 Harv. Law Rev. 341, 342; *Willoughby v. G. W. R. Co.* 117 L. T. Jour. 132, 6 Workm. C. C. 28; *Lloyd v. Sugg & Co.* 16 T. L. Rep. 65, 2 Workm. C. C. 5; *Dotzauer v. Strand Pal. Hotel,* 3 Butterworth's Workm. C. C. 387; *Doughton v. Hickman,* [1913] Workm. Comp. & Ins. Rep. 143, 6 Butterworth's Workm. C. C. 77; *Lee v. Baird & Co.* 45 Scot. L. Rep. 717, 1 Butterworth's Workm. C. C. 34; *Scales v. West Norfolk F. M. & C. Co.* [1913] Workm. Comp. & Ins. Rep. 143, 6 Butterworth's Workm. C. C. 188; *Golder v. Caledonian R. Co.* 40 Scot. L. Rep. 89, 10 Scot. L. T. 373; *Duprey v. Maryland C. Co.* (Mass.) 106 N. E. 686; *Voorhees v. Smith S. Co.* (N. J.) 92 Atl. 280; *Freeman v. Mercantile M. A. Asso.* 156 Mass. 351, 30 N. E. 1013, 17 L. R. A. 753, 755; *Driskell v. U. S. H. & A. Asso.* 117 Mo. App. 362, 93 S. W. 880; *Hooper v. Strand L. & A. Ins. Co.* 166 Mo. App. 209, 148 S. W. 116, 117; *Atkinson v. C. & N. W. R. Co.* 119 Wis. 176, 180, 96 N. W. 529; *Schwind v. C., M. & St. P. R.*

*Co.* 140 Wis. 1, 5, 121 N. W. 639; *Hayes v. M. C. R. Co.* 111 U. S. 228, 241, 4 Sup. Ct. 369; *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 340, 341, 93 N. W. 6; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 156, 103 N. W. 271; *Coolidge v. Hallauer,* 126 Wis. 244, 250, 105 N. W. 568; *Winchel v. Goodyear,* 126 Wis. 271, 276, 277, 105 N. W. 824; *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 288, 72 N. W. 735; *Dunham v. Clare,* [1902] 2 K. B. 292, 66 L. T. 751, 4 Workm. C. C. 102, 104.

For the respondent *Torney* there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* attorneys, and *Harold Metcalf,* of counsel, and oral argument by *George H. Metcalf.*

VINJE, J.   In this case the court is asked to set aside three findings of fact made by the *Industrial Commission* and confirmed by the circuit court upon appeal.   These findings are (1) that deceased at the time of the accident was performing a service growing out of and incidental to his employment; (2) that the injury received at the time of the accident proximately caused his death; and (3) that the city was not misled by a failure to give notice of the injury.

As a preliminary to a determination of each one of the questions raised it is proper to again call attention to the fact that, in the absence of fraud, the findings of fact made by the *Industrial Commission* are conclusive, and its order or award can be set aside only upon the ground (1) that it acted without or in excess of its powers, (2) that it was procured by fraud, or (3) that its findings of fact do not support the order or award.   In the present case the last two grounds are not relied upon.   But it is claimed the *Commission* acted without or in excess of its powers by making findings having no support in the evidence.   If this be so, then there is an infirmity in the award that can be successfully reached and remedied upon appeal.   *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53.   But it should be borne in mind

that if in any reasonable view of the evidence it will support either directly or by fair inference the findings made by the *Commission,* then such findings are conclusive upon the court. *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Oldenberg v. Industrial Comm.* 159 Wis. 333, 150 N. W. 444; *Milwaukee C. & G. Co. v. Industrial Comm., post,* p. 247, 151 N. W. 245. It was not the scheme of the act to make the court a reviewer of facts. Its office is to relieve against fraud, to keep the *Commission* within its jurisdictional bounds, and to correct an award not supported by the facts found. A clearer conception on the part of attorneys of the limited power of the court over awards and of the conclusiveness of the facts found by the *Commission* would, we think, result in fewer appeals.

As bearing upon the first fact found by the *Commission,* there was evidence showing that field meets were held every year by the direction of the school board. It became the duty of the deceased, as principal, to select a basketball team to represent his school at the meet. For the purpose of doing so, on May 27, 1912, he supervised some test exercises on the school grounds during school hours, and while so engaged was struck by the basketball and sustained injuries from which he died December 27, 1912, as found by the *Commission.* It is claimed by the city that such exercises should, under the rules of the school board, have been held at recess and not during school hours. There is nothing in the evidence to sustain such claim, whether the "course of study" used before the *Commission* be regarded in evidence or not.

But even if the rules of the school board required the test exercises to be held at recess, a principal of a school charged with the duty of holding them would still be performing a service growing out of and incidental to his employment if he varied as to the specified time of holding them. The evidence not only supports the finding that the deceased was per-

forming services growing out of and incidental to his employ-
ment at the time he was injured, but excludes every other
reasonable inference.

The finding that the injury received at the time of the ac-
cident proximately caused his death does not rest upon such
clear and uncontradicted testimony.    The deceased was un-
doubtedly suffering from an advanced stage of arterial sclero-
sis at the time he was injured.    Had he not been so suffer-
ing, the blow he received would in all probability have caused
no serious injury.    As it was, the blow ruptured one of the
blood vessels in his head.    What follows is thus described by
the *Commission* in its opinion:

> "He turned pale, put his hands to his head, walked into the
> school house, had a vomiting spell, ·a swollen ridge appeared
> on the side of his head where he had been struck, and soon
> thereafter he lapsed into unconsciousness.    An ambulance
> was called and he was removed to his house.    He did not re-
> gain consciousness until the next morning.    From that time
> until his death on December 27th, following, he had vomiting
> spells each day.    His memory was poor and he seemed to be
> in a dazed condition, and he recognized his wife with diffi-
> culty; in fact he never recovered from the results of the rup-
> tured blood vessel brought on by the blow of the basketball and
> he died from the effects of it; that, except for the injury,
> states the attending physician, he would probably have lived
> three or four years."

There was evidence to sustain such statements, and hence it
is deemed the finding of the *Commission* has a sufficient basis
to rest upon.    The evidence tending to rebut it rests almost
wholly upon the improbability that the blow from a basket-
ball could produce such serious results.    It seems to be quite
satisfactorily shown that in the instant case, at least, it did.

An elaborate and interesting argument was made to the ef-
fect that the result which followed in this case was not one
that could have been reasonably anticipated and hence the
death was not proximately caused by the injury.    It is argued

that there can be no proximate causation without the element of reasonable anticipation of the same or some result similar to that which actually follows. It is a sufficient answer to this argument to say that the right to recover under the Workmen's Compensation Act is not dependent upon a question of negligence or upon the concomitant conceptions of negligence under the common law. Proximate cause as applied to negligence law has, by definition, included within it the element of reasonable anticipation. Such element is a characteristic of negligence, not of physical causation. As long as it was necessary to a recovery to have a negligent act stand as the cause of an injury, it did no harm to characterize causation in part at least in terms of negligence. But when, as under the Compensation Act, no act of negligence is required in order to recover, the element of negligence, namely, reasonable anticipation, contained in the term "proximate cause," must be eliminated therefrom; and the phrase "where the injury is proximately caused by accident," used in the statute, must be held to mean caused in a physical sense, by a chain of causation which both as to time, place, and effect is so closely related to the accident that the injury can be said to be proximately caused thereby. To incorporate into the phrase "proximately caused by accident" all the conceptions of proximate cause in the law of negligence would be to lug in at one door what the legislature industriously put out at another. Proximate cause, under the law of negligence, always has to be traced back to the conduct of a responsible human agency; under the Compensation Act the words "proximately caused by accident" in terms relate to a physical fact only, namely, an accident. Hence if the injury or death can be traced by physical causation not too remote in time or place to the accident, then such injury or death was proximately caused by the accident, irrespective of any element of reasonable anticipation. The term "proximately" was no doubt used to exclude physical causes so remote in time or place, or both, as to

make them of doubtful value in tracing the relation between cause and effect.

Sec. 2394—11, Stats., requires the giving of a notice of injury within thirty days after it is claimed to have been sustained. But it is provided that a failure to give such notice shall not bar a recovery when the *Industrial Commission* shall find there was no intent to mislead the employer and he was in fact not misled. The *Commission* found so in this case. It is admitted by the city that there was no intent to mislead it, and it does not appear that it was in fact misled by the failure to give notice. All the facts, both relative to how the accident occurred and what took place thereafter, were brought out as completely, we believe from the evidence, as they would have been had notice been given.

*By the Court.*—Judgment affirmed.