McDONALD and another, Appellants, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.

*March 16—April 4, 1917.*

*Workmen's compensation: Permanent total disability: Evidence:
"Other suitable employments:" Business undertaking: Payment
in gross: When may be ordered: Waiver as to time.*

1. Since the enactment of ch. 599, Laws 1913, amending sub. 2, sec.
2394—10, Stats. 1911, the nature and extent of the disability
caused by an injury to an employee, as well as his compensation
for such disability, are to be measured with reference to the im-
pairment of his earning capacity in the employment in which he
was working at the time of the accident "and other suitable em-
ployments."

2. A finding by the industrial commission in this case, confirmed by
the circuit court, that by an injury to an employee who worked
as a carpenter and laborer he had for all practical purposes lost
the use of his legs at the hip and was permanently totally dis-
abled, is *held* to be supported by the evidence.

3. A man's wage-earning capacity, which is the foundation of the
Workmen's Compensation Act, is to be distinguished from his
capacity to make money in a business conducted under his su-
pervision or direction and with the use or investment of other
capital than that which arises from his own labor; hence the
mere fact that an injured employee wished to have his award in
a lump sum so that he might undertake some small business to
be conducted by him and his wife, should not militate against
his right to compensation for permanent total disability to.
carry on the work in which he was employed at the time of the
accident or other suitable employment.

4. At a hearing before the industrial commission within six months
after an employee was injured it appeared that his condition
was such that the extent of the injury could be as well deter-
mined at that time as after the lapse of the six months provided
for in sub. (5) (1), sec. 2394—9, Stats. Defendant's counsel con-
sented that a gross sum might be awarded at that time for a
permanent partial disability, and made no objection to the pro-
ceeding or request for a postponement of the hearing if the re-
lief demanded, namely, an allowance for a permanent total dis-
ability, was to be considered by the commission. *Held*, that
there was in effect a waiver of objection to a determination at
that time of the question whether or not the disability was per-
manent and total, and to an award of a gross sum accordingly.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment confirming an award by the *Industrial Commission.*

The cause was submitted for the appellants on the briefs of *Burr J. Scott* of Milwaukee, for the respondent *Industrial Commission* on that of the *Attorney General* and *J. E. Messerschmidt.* assistant attorney general, and for the respondent *Edwards* on that of *M. E. Davis* of Green Bay.

ESCHWEILER, J.    The respondent *Edwards* was seriously injured on March 18, 1916, while in the employ of the appellant *C. S. McDonald,* and the only question raised on this appeal is whether or not the *Industrial Commission* could properly award compensation to him under sub. (2) (d), sec. 2394—9, Stats., for a permanent total disability which shall not exceed six times his average annual earnings, or whether the award should have been for a temporary or partial disability under the same subdivision, the aggregate indemnity for which shall not exceed four times his average annual earnings.

Total disability is defined in the same subdivision as follows:

"Total blindness of both eyes, or the loss of both arms at or near the shoulder, or of both legs at or near the hip, or of one arm at the shoulder and one leg at the hip, shall constitute permanent total disability.    This enumeration shall not be exclusive but in other cases the commission shall find the facts."

In this same Workmen's Compensation Act is provided a method of computation, sec. 2394—10.    By sub. 2 of that section it is provided as follows:

"2. The weekly loss in wages referred to in section 2394—9 shall consist of such percentage of the average weekly earnings of the injured employee, computed according to the provisions of this section, as shall fairly represent

the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident, *and other suitable employments* [these words inserted by ch. 599, Laws 1913], the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury."

Under sub. (5) (l), sec. 2394—9, it is provided that the *Commission* may order payment in gross or in such manner as it may determine to the best interests of the parties any time after six months have elapsed from the date of the injury. The award in this case for payment in a gross sum and as and for a total disability and for a sum equivalent to six times his average annual wages was made August 17th and within six months after the accident. The medical testimony discloses that the injury caused to the respondent by his fall from a pile-driver resulted in the fracture of the first lumbar vertebra, together with deformity of the spinal column, resulting in pressure on the spinal cord. There was a partial paralysis of the sphincter muscles of both the urinary bladder and rectum, resulting in loss of control over the urine and partial loss of control of the bowel movements, with considerable weakness of the lower limbs and back.

At the time of the hearing it appeared that he was able to walk to some extent without the use of crutches and by the use of a cane and from respondent's statement he was not able to do any work. He had no other trade than the carpenter trade and occasional work as laborer. One doctor testified that respondent could do a good deal of work if it doesn't require much walking or stooping; another physician said that the man could never do manual labor requiring the use of his legs and back, that the paralysis is not complete in that there is no complete destruction of the spinal cord, and that the condition is neither increasing nor diminishing, that his condition could be determined at that time as well as later. After this testimony was received appellants' counsel

made the statement: "I can see a permanent partial disability that will run the maximum amount on his wage basis; it is just a question of how the *Commission* wants to pay." The respondent's counsel at that time claimed that compensation should be awarded on the basis of permanent total disability. Nothing else was suggested by way of objecting to the disposing of the entire matter by the *Commission* at that time before the expiration of the six months. The *Commission* found as part of the award that for all practical purposes the applicant has lost the use of his legs at the hip, and under this state of facts he is totally permanently disabled.

Under the Compensation Act as it stood prior to the enactment of ch. 599 of the Laws of 1913, an injury to an employee the effect of which would be to prevent his further proceeding "in the employment in which he was working at the time of the accident" would compel an award to him as a total permanent disability although the facts might disclose that he was able to earn as much or more than before in some other suitable employment. Apparently to meet the situation disclosed by the case in which this was commented upon, *Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187 (*Winters's Case*), the words "and other suitable employments" were inserted in sub. 2, sec. 2394—10, showing the evident intent of the legislature to hereafter require this new provision to be a part of the standard of measure both as to the nature and extent of the injury as well as to the compensation; that is, it becomes applicable to sec. 2394—9 as well as to sec. 2394—10.

Under the power granted the *Commission* by sub. (2), sec. 2394—9, to find facts constituting permanent total disability, if any such exist, we cannot say that there is no support for the determination arrived at by the *Commission* and confirmed by the circuit court. The testimony warrants the conclusion that this man is permanently and totally disabled

from performing labor at his trade as a carpenter or such labor as he was employed in at the time of the accident as well as being permanently and totally disabled from performing manual or other labor in any other suitable employment. *Lemieux's Case,* 223 Mass. 346, 111 N. E. 782; *Duprey's Case,* 219 Mass. 189, 106 N. E. 686; *Floccher's Case,* 221 Mass. 54, 108 N. E. 1032.

It is urged that because the record discloses that the respondent desired to have the award in a lump sum so that he might undertake some small business to be conducted by him and his wife, therefore, by his own admission, he could not be considered as permanently and totally disabled.    We do not think this distinction can be properly taken.    There is a substantial difference between a man's wage-earning capacity, the foundation of the Workmen's Compensation Act, and his capacity to make money in a business conducted under his supervision or direction and with the use or investment of other capital than that which arises from his own labor. Success in such an undertaking is so evidently dependent upon manifold conditions other than the capacity to work that it cannot, as the law is now written, be considered to be a condition that must militate against his right to compensation for permanent total disability to carry on the work which he was employed in at the time of the accident or other suitable employment.    Such distinction is pointed out in the case of *Moore v. Peet Bros. Mfg. Co.* (Kan.) 162 Pac. 295.

It is strenuously urged that, inasmuch as the concession by appellants' counsel on the hearing was solely to the effect that compensation might be awarded in a gross sum on the conceded showing of a permanent partial disability, the *Commission* then had no jurisdiction or power to go beyond that concession as to the nature of the disability and make a gross award for a permanent total disability.    It appears from evidence before the *Commission* that the condition of the respondent could be as well determined in August as it could

after the six months expiring in September, and there being no further or more express objection to the proceeding then before the *Commission,* or a request for a postponement of the hearing, if the relief then demanded by respondent, namely, for an allowance for a permanent total disability, was to be considered by the *Commission,* we cannot say that the *Commission* was not warranted in coming to the conclusion that the mere question as to the time when a determination should be arrived at as to whether this was a case of a partial or temporary disability, or a total permanent disability, was in effect waived.

*By the Court.*—The judgment of the circuit court is affirmed, with costs to be taxed in favor of the respondent *Edwards* against the appellant *Travelers Insurance Company.*