LEZALA, Appellant, vs. JAZEK and others, Respondents.
WOJOIECHOWSKI and another, Respondents, vs. LEZALA,
Appellant, and others, Respondents.

*November 4, 1919—February 10, 1920.*

*Workmen's compensation: Evidence to support finding of industrial
commission: Wife interested in husband's business: Appeal:
Relief to party not appealing from judgment: Right to appeal:
Waiver: Parties entitled to notice to review error.*

1. A judgment of the circuit court is binding and conclusive upon
   all affected thereby until reversed on the appeal of those
   claiming it to be erroneous; and on the appeal of one judg-
   ment defendant the supreme court cannot, on reversal, dis-
   turb the judgment as to nonappealing defendants, though they
   file a brief alleging error.

2. Though the findings of the industrial commission are conclu-
   sive upon the court if any reasonable view of the evidence
   supports them either directly or by fair inference, every find-
   ing of fact made must have some substantial evidence in its
   support, though not necessarily a preponderance; and a find-
   ing cannot be based on mere conjecture.

3. The evidence in this case is *held* insufficient to support a find-
   ing of the industrial commission that a wife was interested
   in her husband's contracting business so that his employee
   was her employee as well.

4. One of the appropriate functions of a brief filed in the supreme
   court is to direct the attention of the court to pertinent mat-
   ters appearing in the record; and in the absence of any indi-
   cation on the part of moving defendants that a notice under
   sec. 3049a, Stats., for the review of an error affecting them
   was on file in this court, a search of the record for the dis-
   covery of such document on the part of the court was not to
   be expected.

5. Only the party whose interest is adverse to the appellant may
   secure a review of errors by giving the notice provided for
   by sec. 3049a.

6. Sec. 3049a will not be construed so as to entitle a co-judgment
   defendant not appealing to a review of alleged errors against
   him without giving notice of application therefor to the
   party in whose favor the judgment was rendered; and if an
   appeal is not taken within thirty days after the appellant has
   served his notice, the right to a review is waived.

APPEALS from judgments of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeals were from separate judgments affirming an award by the *Industrial Commission* in favor of *Phillip Jazek*. The facts are as follows: *Tony Wojoiechowski* was a general building contractor. *Frank Lezala* was a stone mason and plastering contractor. As a subcontractor of *Tony Wojoiechowski, Frank Lezala* was doing the lathing and plastering on a building which *Wojoiechowski* had under construction. The claimant, *Phillip Jazek,* was employed by *Frank Lezala* as a lather in the performance of said contract. While performing such services on the 20th day of September, 1915, he sustained injuries, which the *Industrial Commission* found were incidental to and grew out of his employment as such lather. *Frank Lezala* carried no workmen's compensation insurance. *Tony Wojoiechowski* carried such insurance in the *Workmen's Compensation Mutual Liability Insurance Company.*

Upon the application of *Phillip Jazek* for an award of damages for the injuries he sustained, the *Industrial Commission* found that at the time of the accident the applicant was in the employ of *Frank Lezala* and *Helen Lezala;* that *Frank* and *Helen Lezala* were doing contract work under the respondent *Tony Wojoiechowski;* that said *Frank* and *Helen Lezala* did not at the time insure their compensation liability, as required by law, and had in no wise been exempted from the obligation to so insure such liability by order of the *Industrial Commission;* that *Tony Wojoiechowski* was liable for such damages; that at the time of the injury the liability of said *Tony Wojoiechowski* was insured in the *Workmen's Compensation Mutual Liability Insurance Company,* and that such company is liable for the payment of the amount awarded.

Two separate actions were brought in the circuit court for Dane county to set aside such award: one by *Tony Wojoiechowski* and the *Workmen's Compensation Mutual Liability Insurance Company,* the other by *Helen Lezala.* The circuit court rendered judgment in each of said actions affirming the award of the *Industrial Commission.* In

each of said actions *Helen Lezala* appealed from the judgment of the circuit court rendered therein. Neither *Tony Wojoiechowski* nor the *Workmen's Compensation Mutual Liability Insurance Company* appealed from such judgments or either of them.

*Charles E. Hammersley* of Milwaukee, for the appellant.

For the respondent *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

On behalf of *Tony Wojoiechowski* and the *Workmen's Compensation Mutual Liability Insurance Company* there was a brief by *Roehr & Steinmetz,* attorneys, and *Julius E. Roehr,* of counsel, and oral argument by *Ida E. Luick,* all of Milwaukee.

The following opinion was filed December 2, 1919:

Owen, J. Although neither *Tony Wojoiechowski* nor the *Insurance Company* appealed from the judgments of the circuit court affirming the award, they have filed briefs, evidently upon the assumption that this court, upon the appeal of *Helen Lezala* only, will review alleged errors of the *Industrial Commission* so far as they affect the award against them. That a judgment of the circuit court is binding and conclusive upon all affected thereby until reversed upon the appeal of those claiming it to be erroneous, and that upon the appeal of one judgment defendant this court cannot disturb the judgment as to non-appealing defendants, seems to us too plain for argument or the citation of authority. *Tony Wojoiechowski* and the *Workmen's Compensation Mutual Liability Insurance Company* not having appealed from the judgments, this court cannot, upon the appeal of *Helen Lezala,* inquire into alleged errors affecting the judgments against them. Upon this appeal the court can do no more than to review the record in so far as it affects the only appealing judgment defendant, *Helen Lezala.* This

court cannot disturb the judgments in so far as they affect those who are not appealing therefrom. For this reason the contentions urged by the non-appealing judgment defendants will not be considered.

At the very outset *Helen Lezala* contends that there was no evidence justifying the finding of the *Commission* that the applicant, *Jazek,* was in her employ at the time of the accident. The *Commission* found that on the day the injury was sustained "the applicant was in the employ of the respondents *Frank Lezala* and *Helen Lezala.*" There is no finding as to the relationship existing between *Frank Lezala* and *Helen Lezala.* The record discloses that they are husband and wife, but whether the *Commission* considered them as partners, or *Frank Lezala* as the agent of *Helen Lezala,* his undisclosed principal, or what their business relationship was, does not appear. The evidence taken by the *Industrial Commission* shows that *Frank Lezala* was in fact a mason plasterer contractor and had been such for many years; that the subcontract with *Wojoicchowski* was in his name; that he had about twelve men working for him at the time, whom he hired and discharged, and, to all appearances, was the only person who had any voice or interest in the business. The only scrap of evidence in any manner connecting *Helen Lezala* with the business was the testimony of two workmen who had worked for *Frank Lezala* to the effect that they were paid by checks and that *Helen Lezala's* name was on such checks. These men testified that *Helen Lezala's* name was on top and *Frank Lezala's* was below. "She made out the check and he put his name to that—he signed below." Evidently the *Industrial Commission* considered this testimony evidence of the fact that *Helen Lezala* was in some manner, not very clear to the *Commission* itself, interested in said business with her husband.

While it is true that if in any reasonable view of the evidence it will support either directly or by fair inference

the findings made by the *Commission,* such findings are conclusive upon the court (*Oldenberg v. Industrial Comm.* 159 Wis. 333, 150 N. W. 444; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N..W. 247), every finding of fact made by the *Commission* must have some substantial evidence in its support, though not necessarily the preponderance of the evidence.   A finding of fact made by the *Commission* cannot be based upon mere conjecture, any more than.a finding of fact made by the court. *Voelz v. Industrial Comm.* 161 Wis. 240, 242, 152 N. W. 830.    The following language found in *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729, is as applicable to the findings of the *Commission* as it was to the verdict of the jury there under consideration.    In that case this court said:

"To allow a jury to reach a conclusion in favor of the party on whom the burden of proof rests, by merely theorizing and conjecturing, will not do.    There must at least be sufficient evidence to remove the question from the realms of mere conjecture."

. Granting that her name was on the check, we can do no more than speculate as to the significance thereof.    Its presence might have been due to numerous reasons.    In our judgment, the inference that *Helen Lezala* was in any manner interested in the business with her husband does not fairly arise from the circumstance.    This being the only evidence justifying the finding of the *Commission* that *Helen Lezala* was the employer of the applicant at the time of the injury, the finding cannot be sustained.    This conclusion effectually disposes of the case so far as *Helen Lezala* is concerned, and the  numerous other questions urged as grounds for a reversal of the judgment as to her need not be considered.

*By the Court.*—The judgments of the circuit court affirming the award of the *Industrial Commission* as to the de-

fendant *Helen Lezala* are reversed, and cause remanded with directions to set aside the award of the *Industrial Commission* as to the defendant *Helen Lezala*. No costs allowed.

The following opinion was filed February 10, 1920:

OWEN, J. Upon a motion for rehearing, made by the judgment defendants *Tony Wojoiechowski* and the *Insurance Company,* it is urged that they are entitled to a review of alleged errors affecting the judgment as to them, by virtue of a notice, which it is claimed was regularly and timely served and filed under the provisions of sec. 3049*a,* Stats., that upon the hearing of the appeals in this court they would ask for a review of certain specified errors. It is suggested that this court has overlooked this notice, and our attention is pertinently called to the fact that it is on file here.

The original opinion was written upon the assumption that no such notice had been filed. This assumption was indulged by reason of the unchallenged statement of the attorney general to that effect made in his main as well as supplemental brief and upon the oral argument. One of the appropriate functions of a brief is to direct the attention of the court to pertinent matters appearing in the record. In the absence of any indication on the part of the moving defendants that such notice was on file and that it was relied upon to entitle them to a review of errors affecting the judgment as to them, a search of the record for the discovery of such a document on the part of this court is not to be expected.

It now appears that on the 4th day of November, the very day the case was argued, a notice conforming to the requirements of sec. 3049*a* was filed with the clerk. The question is therefore presented of whether the moving defendants, by virtue of such notice, were entitled to a re-

view of errors affecting the judgment as to them and a reversal of the judgment in case such errors were found to be prejudicial. Sec. 3049a reads:

"In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal. . . . In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant any time before the case is set down for hearing in the supreme court a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

It is conceded that the notice was served only upon the attorney for *Helen Lezala,* the appealing defendant. It was not served upon the *Industrial Commission* nor upon the claimant. It is said, however, that the statute requires that it be served only upon the appellant, and this they did. Granting that this complied with the strict letter of the statute, it certainly did not comply with its spirit. It is not the purpose of the statute to permit one who is bound jointly with another by a judgment, upon the appeal of such other, to secure a reversal of such judgment as to him by the service of a notice merely upon the one appealing. The one appealing does not necessarily have an adverse interest in the question as to whether his co-judgment defendant is also entitled to a reversal. The one in whose favor the judgment is rendered is the one interested, and the statute will not be construed so as to entitle a co-judgment defendant to a review of alleged errors without giving notice of application therefor to the party in whose favor the judgment is rendered. However, that this provision of sec. 3049a does not apply to a situation of this kind at all is plainly revealed by the first sentence thereof, which pro-

vides that where "one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal."

In this case it was incumbent upon the moving defendants, by the express provisions of the statute, to take their appeal within thirty days after their co-judgment defendant appealed. Not having done so, they waived their right to appeal, and they cannot accomplish the same thing by service of the notice provided for in the closing sentence of the section. The purpose of the latter provision is plain. It is to enable a party who is adversely interested in an appeal, generally the respondent, to secure a review of alleged errors prejudicially affecting him, by the giving of this notice. It was not the purpose of the statute to authorize a review under circumstances here presented. Nor is such notice efficient to procure a reversal of the judgment in the absence of an appeal therefrom.

*By the Court.*—Motion for rehearing denied, without costs.