CLARENCE ALLEN, APPELLEE, V. DEPARTMENT OF ROADS
AND IRRIGATION, APPELLANT.

32 N. W. 2d 740

Filed June 18, 1948. No. 32461.

Walter R. Johnson, Attorney General, Clarence S. Beck, and Harold S. Salter, for appellant.

William C. Smith, Jr., and G. A. Farman, Jr., for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit to recover benefits under the Workmen's Compensation Act. From an award by the district court the defendant appeals.

The case was commenced in the compensation court upon the joint petition of the parties. On appeal to the district court a joint petition was also filed. This is equivalent to the filing of a case stated and it will be so considered on this appeal. If this were not so, defendant's appeal would be here on the pleadings only, as a bill of exceptions was not prepared and filed in this court. Adkisson v. Gamble, 143 Neb. 417, 9. N. W. 2d 711.

The record shows that plaintiff was an employee of

the Department of Roads and Irrigation of the state when on May 17, 1942, he was injured to such an extent that it was necessary to amputate his right arm. The amputation was performed on May 30, 1942, from which plaintiff's arm did not heal in a normal manner. A further amputation became necessary with the result that final recovery was not brought about until December 1, 1943. The defendant has paid the medical and hospital bills of the plaintiff and has paid temporary total disability payments to and including May 30, 1942, the date of the first amputation, together with permanent partial disability for 225 weeks as provided by section 48-121, R. S. 1943. The only question is whether the plaintiff is entitled to temporary total disability payments to the date of the first amputation of his arm, or whether he is entitled to them to the time of the final healing of the arm after the last amputation. The time here involved which affords the basis of the dispute is 78 3/7 weeks.

The compensation law provides in part as follows: "The following schedule of compensation is hereby established for injuries resulting in disability:  * * *  (3) For disability resulting from permanent injury of the following classes, the compensation shall be in addition to the amount paid for temporary disability; Provided, however, the compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertained, * * *." It is the contention of the department in the present case that the extent of the permanent disability is ascertained at the time of the first amputation of the arm.

We are of the opinion that the phrase "compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertained" means that temporary disability shall end when the condition becomes fixed. This simply means that in the present case temporary disability should be paid to the time when it becomes apparent that the arm will get no better or no worse because of the injury. Temporary disability con-

templates the period the employee is submitting to treatment, is convalescing, is suffering from the injury, and is unable to work because of the accident. Temporary disability ordinarily continues until the employee is restored so far as the permanent character of his injuries will permit. Knobbe v. Industrial Commission, 208 Wis. 185, 242 N. W. 501.

It frequently happens that a finger needs amputation, and then it is found later that due to infection or other causes the hand must be amputated, and later, perhaps, the arm. Without question, the extent of the permanent disability within the meaning of the statute is not finally determinable until after the last amputation and until the employee is restored insofar as the nature of his injuries will permit. Consequently, plaintiff is entitled to temporary total disability until that point is reached which in the present case is December 1, 1943. The trial court awarded temporary total disability for the period from May 30, 1942, to December 1, 1943, a period of 78 3/7 weeks, in addition to that already paid. The award is in all respects correct.

AFFIRMED.