(No. 15752.—Judgment affirmed.)

The United States Fuel Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Mike Banovich, Defendant in Error.)

*Opinion filed October 28, 1924.*

1. Workmen's compensation—*employee is entitled to compensation for mental disorder following injury.* Where an employee suffers an accidental injury covered by the Compensation act and is rendered permanently incapacitated for work he is entitled to compensation, whether the permanent character of the disability is physical or whether his condition is due to a mental disorder resulting from the injury.

2. Same—*when employee is entitled to compensation for permanent disability after the injury has apparently healed.* Where an employee suffers an injury to his spine, consisting of a fracture of vertebræ, and is rendered wholly and permanently incapacitated for work, he is thereafter entitled to compensation as for permanent disability where he continues to walk in a stooped position and testifies that he cannot straighten up, although physicians testify that his injury has completely healed, and that his disability, if any, is due to mental disorder following the injury.

Writ of Error to the Circuit Court of Franklin county; the Hon. W. Joe Hill, Judge, presiding.

Knapp & Campbell, (J. L. Earlywine, of counsel,) for plaintiff in error.

R. E. Hickman, and W. W. Hart, for defendant in error.

Mr. Chief Justice Duncan delivered the opinion of the court:

An award for compensation was made by the arbitrator in favor of Mike Banovich against the United States Fuel Company for $14 per week for 47 weeks for temporary total incapacity for work on account of an accidental injury. On review the Industrial Commission made the

award for $14 per week for 267-6/7 weeks and thereafter a pension for life of $300 per year. The circuit court of Franklin county confirmed the award of the Industrial Commission. This court allowed a writ of error to review the record.

It is unquestioned in the record that defendant in error was injured and that he was entitled to compensation, and plaintiff in error has already paid $430 on the award. The claim actually made by plaintiff in error is that the defendant in error was not totally and permanently incapacitated for work and that the award is therefore excessive.

On October 12, 1921, while employed in the mine of plaintiff in error, defendant in error was caught between the motor and the cribbing of the passageway while trying to get upon the motor. It appears from the evidence that the right transverse processes of the second and third vertebræ in the lumbar region of the spine were fractured. Immediately after the injury he was taken to the hospital, where he remained and received treatment at the expense of plaintiff in error until January 12, 1922. He has not performed any manual labor since that time. He has continually walked in a very stooped position. He testified that his right shoulder, shoulder joint, hand, elbow, right wrist, backbone and neck were sore and that he was unable to straighten up from his stooped position; that his legs pained him, and that when he walked it felt as if a knife was sticking him in the back.

Two physicians, Drs. Crain and Gilmore, testified that they had made X-ray pictures of the defendant in error that showed an oblique fracture of the right transverse processes of the second and third lumbar vertebræ, and that the vertebræ had subsequently united and that his wounds were all healed. These two physicians, and Dr. Black, who also examined the applicant, were not able to find any pathological condition that would account for his present stooped position. Dr. Harris testified that he had examined the appli-

cant and had seen him for four or five months walking around on the streets and that he had during all of that time been in the same stooped position. He could find no cause, at the time he testified, for the defendant in error continuing to walk in a stooped .position. He further testified that the applicant did not appear to be in good health and able to work. Another physician, Dr. Moore, testified that he treated defendant in error for his injuries and had him under his observation for a long time thereafter and up to March 17, 1922. He found the fracture healed and could not find any reason for his continuing to walk in a stooped position. He thought that his present trouble was mental rather than physical. He described his present condition and stooped position as assumed. He gave it as his opinion that there was no real cause for the stooped position, and that it existed, if at all, only in his mind. He declined to say that it was his opinion that the defendant in error was faking an injury that he did not really have. Dr. Adams, who also examined the defendant in error, testified that his injuries had healed and there was no present anatomical pathology. It was his judgment that he was a hysteriac or neurotic, and referred to the condition of the spine as hystero-neurasthenic. He gave it as his opinion that the defendant in error had the belief that he could not straighten his back; that he had first walked in a stooped position to relieve the pain, and that after his spine had healed his brain did not recognize that his spine was healed, and that the sense of pain was still present in the lower cells of his brain. He gave it as his opinion that the defendant in error was at that time totally incapacitated for work and would continue to be so until such mental condition was cured. Dr. Magnuson testified that he examined the defendant in error November 7, 1922, and that at that time there were no anatomical.pathological symptoms. He gave it as his opinion that he was suffering from no injury or disease and that he was .a malingerer. He did not be-

lieve him to be a hysteriac, because he did not have a fixed, definite, continuing and invariable complaint, which is characteristic of a hysteriac.

The evidence in the record as above detailed supports the finding of the Industrial Commission that the defendant in error suffered an accident which has caused total and permanent incapacity for work. It is immaterial whether this condition is caused by a physical injury or a mental disorder resulting from the injury. Where an employee has an honest, fixed, definite and continuing belief that he is suffering severe bodily pain, and that he is in such a disordered condition that he is unable to work and walks in a very stooped position, as does defendant in error, and all of the foregoing conditions have been brought about by a severe accidental injury, he is as much entitled to compensation as if he were in fact totally and permanently disabled by such accidental injury. As serious ailments as any which physicians have to contend with are fanciful diseases and disorders of the mind, which put the patient beyond the control of the physician in the use or employment of his medical science, whether that medical science be by the use of drugs and medicine, or by manipulation of the various parts of the body, or by the employment of Christian Science, or similar methods of healing. Such mental disease or disorder may not only render the subject thereof totally disabled for work but such condition may also be permanent. The record evidence in this case supports the finding that the disorder, of whatever character it may be, mental or physical, has rendered the defendant in error totally and permanently incapacitated for work. If at any time hereafter facts may be presented showing that such disorder has decreased or ended, plaintiff in error has its proper remedy to relieve itself from unjust payments.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*