PIERCE, Appellant, vs. INDUSTRIAL COMMISSION OF WIS-
CONSIN and others, Respondents.

*September 26—October 20, 1925.*

*Workmen's compensation act: Constitutionality: Findings of com-
mission on competent evidence: Weight on appeal.*

1. The decision in *Pierce v. Industrial Comm.* 179 Wis. 189, that
   appellant is within the provisions of the workmen's compen-
   sation act, is adhered to.   p. 54.
2. The workmen's compensation act does not contravene sec. 1,
   amendm. XIV, of the federal constitution.   *Booth Fisheries
   Co. v. Industrial Comm.* 185 Wis. 127, adhered to.   p. 54.
3. An award of compensation by the industrial commission upon
   questions of fact will not be disturbed where there is any
   credible evidence to sustain it.   p. 54.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This case was here on an appeal from a temporary award
and is reported in 179 Wis. 189, 190 N. W. 80.   This ap-
peal is from a permanent award for the same injuries.   For
a fuller statement of facts see 179 Wis. 189, 190 N. W. 80.

For the appellant there was a brief by *Hanitch, Hartley
& Johnson,* and oral argument by *J. C. Fritschler,* all of
Superior.

For the respondents there was a brief by the *Attorney
General* and *T. L. McIntosh,* assistant attorney general, and
oral argument by *Mr. McIntosh.*

VINJE, C. J.   The appellant assigns as errors:

"(1) The court erred in holding that employment of ap-
plicant, *Barker,* brought the appellant within the provisions
of the workmen's compensation act and made him liable to
pay the compensation awarded.   (2) Court erred in enter-
ing judgment affirming award of the *Industrial Commission*
as to applicant, *Barker.*   (3) Court erred in holding the
compensation act, as amended and construed, constitutional.
(4) Court erred in affirming the findings and award as to

a temporary total disability of twenty-three weeks and five days, and granting judgment thereon. (5) Court erred in affirming the findings and award as to a permanent partial disability equivalent to thirty-five per cent. loss of use of left hand at the wrist and granting judgment thereon."

The first two assignments of error were passed upon adversely to appellant in the case of·Pierce v. Industrial Comm. 179 Wis. 189, 190 N. W. 80, and we see no reason for changing our view as there expressed.

The contention that the compensation act is unconstitutional and contravenes sec. 1 of the Fourteenth amendment to the federal constitution was negatived in the case of Booth Fisheries Co. v. Industrial Comm. 185 Wis. 127, 200 N. W. 775, and further discussion of the subject is deemed unnecessary. We adhere to the doctrine of that case.

The record has been examined and it contains evidence to sustain the award of the Commission as to total temporary disability and as to the extent of the permanent disability. This court does not disturb an award upon questions of fact if there is any credible evidence to sustain it.

By the Court.—Judgment affirmed.