WINTER, Respondent, vs. INDUSTRIAL COMMISSION OF
WISCONSIN and others, Appellants.

*May 14—June 12, 1931.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Naujoks.*

For the appellants Cities Service Oil Company and Travelers Insurance Company there was a brief by *Olin &*

*Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

*Miles C. Riley* of Madison, for the respondent.

WICKHEM, J. This case presents a single question: Was there any credible evidence to sustain the finding of the Industrial Commission that the injury to the plaintiff's eye was not caused by the accident to which he testifies? The commission, as a part of its order, found as a fact that "any loss of vision from which the applicant is now suffering is not the result of any injury accidentally sustained by him while performing service growing out of and incidental to his employment by respondent on or about July 10, 1922." In our opinion this is an entirely sufficient finding of fact within the rule of *Tesch v. Industrial Comm.* 200 Wis. 616, ·229 N. W. 194. It involves no legal conclusion and is responsive to the only issue of fact in this case. If, therefore, there is any credible evidence from which the commission could come to the conclusion that it did, the order of the commission must be sustained, under the decisions of this court. *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 200 N. W. 775; *Pierce v. Industrial Comm.* 188 Wis. 53, 205 N. W. 496; *Menasha Woodenware Co. v. Industrial Comm.* 187 Wis. 21, 203 N. W. 906; *Kraft v. Industrial Comm.* 201 Wis. 339, 230 N. W. 36. The rule that this court will not disturb a finding of the commission if it is based on any credible evidence does not, of course, mean that the commission itself is compelled to award compensation if there is any credible evidence to sustain a finding that will warrant compensation. The burden of proving the facts essential to compensation is on the claimant. *Voelz v. Industrial Comm.* 161 Wis. 240, 152 N. W. 830; *Kill v. Industrial Comm.* 160 Wis. 549, 152 N. W. 148; *Lezala v. Jazek,* 170 Wis. 532, 175 N. W. 87, 176 N. W. 238; *Widell Co. v. Industrial Comm.* 180 Wis. 179,

192 N. W. 449. Hence, if the evidence before the commission was such as to raise in the minds of the commission a legitimate doubt as to the existence of facts essential to compensation, it would be the duty of the commission to deny compensation, on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were as he claimed them to be.

The question in this case is not whether there is sufficient credible evidence to warrant a positive finding that the injury did not occur as a result of the accident testified to by claimant, but whether the evidence is sufficient to warrant the commission in entertaining that degree of doubt which would prevent them from being satisfied that the injury did occur in the manner claimed by applicant. If there is such evidence, then the court cannot disturb a finding merely because it is, as we view it, against the preponderance of the evidence. In *Milwaukee Coke & Gas Co. v. Industrial Comm.* 160 Wis. 247; 151 N. W. 245, this court, speaking through Mr. Chief Justice WINSLOW, said:

"It is not improper to say that if we were the judges of the facts we should reach a different conclusion from that reached by the commission; but we do not judge the facts; we must affirm unless we can say that there was no substantial, credible evidence in support of the commission's findings, and this we cannot say."

This last comment is particularly applicable to the present case. Certainly there is sufficient evidence to justify a finding that the injury to the eye was occasioned by the fall testified to by the applicant. We do not believe, however, that it can be said that there was no credible evidence upon which the commission could reach the result that it did. Dr. Shaw testified that he treated plaintiff's eye after removing the foreign body, until the eye was healed, and that "when everything was cleaned up" he made a pair of glasses for plaintiff. He testified that he would not have prescribed

glasses unless the injury was healed, and that whatever the extent of the injury it had not aggravated the eye to such an extent as to require any special correction by glasses. While Dr. Shaw's testimony is somewhat indefinite due to a hazy recollection which has come with the passage of time, we think his testimony is certainly not incredible, and that the commission could have believed it. Furthermore, the commission was not required, as we view it, to treat the testimony of the plaintiff as a verity. His recollection was evidently quite hazy as a result of the passage of time. He was uncertain as to where he went for treatment the first time. He testified that he wore glasses for reading only. Later on he testified that he was wearing glasses at the time he fell. He testified that they did not break, and the commission was entitled to give some force to the unlikelihood of the splinter of steel having found its way into plaintiff's eye if he was wearing glasses. They were entitled to give some weight to the fact that he did not consult a physician for two days after the accident, as raising a doubt whether the foreign body had been in his eye during that entire time. None of the inconsistencies in plaintiff's testimony are important individually, but taken together we think they indicate the somewhat uncertain condition of his memory as to how the eye was injured. Furthermore, no claim for compensation was made for nearly six years, a fact which very likely accounts for the unsatisfactory state of the evidence. The plaintiff claimed that his failure to ask for compensation during the early part of the period was due to the fact that he did not know he could claim it. During the last two years he made no claim because he was afraid that it might affect his right to a bonus by giving the company a reason for dispensing with his services. He claims that he asked for compensation only after a talk with the manager disclosed that the company had no interest whatever in the matter of his asking for compensation. He also

testifies that he delayed filing the claim for compensation because he hoped his left eye would improve and that he was not being inconvenienced to any extent at the time. We think the commission was not bound to accept these explanations.

It is our conclusion that, upon the whole evidence, particularly upon the testimony of Dr. Shaw, the uncertainty of plaintiff's recollection, and the staleness of the claim, there was credible evidence sufficient to raise a legitimate doubt in the minds of the commission, and to warrant the conclusion that plaintiff had not proved that the injury was the result of the accident. This conclusion compels the reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the order of the Industrial Commission.