RUTTA, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 8—November 6, 1934.*

L. A. *Tarrell* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Lullabye Furniture Corporation there was a brief by *Martens & Meleski* of Stevens Point, and oral argument by *G. H. Martens.*

FRITZ, J.  Bernard Rutta, a seventeen-year-old son of the plaintiff, sustained fatal injury while in the employ of the defendant Lullabye Furniture Corporation, by being caught between a floor and an elevator in motion on the employer's premises.  In proceedings upon plaintiff's application for

compensation, the parties, in a stipulation, in which they expressly provided that it "pertains only to primary compensation due from the employer and insurer," stipulated as to the facts essential for an award of primary compensation. In its order awarding that compensation the commission reserved the right to determine, at a subsequent hearing, whether there existed any liability for increased compensation by reason of the possibility that the injuries may have resulted from the violation of an order of the commission, or the employment of deceased contrary to the statutory provisions regarding the employment of minors. In its findings in connection with the award for the primary compensation the commission stated that "pursuant to said stipulation, there is no dispute but what the deceased, Bernard Rutta, sustained fatal injury while in the employ of the respondent" on October 28, 1931; but the commission made no finding as to whether the accident arose while the deceased was performing service growing out of and incidental to his employment. On a subsequent hearing in relation to the allowance of treble compensation, the commission took testimony, and upon findings of fact which it then made, concluded that the employer was not liable for treble compensation. In those subsequent findings the commission again found that the deceased "met his death while in the employ of the respondent," but refrained again from finding that the injury arose while he was performing service growing out of and incidental to his employment. Instead, the commission found—

"That he was employed by the respondent in connection with the making of crates, and was instructed not to operate any power-driven appliance; that he was, in fact, operating the elevator in question at the time of his death, and apparently had operated it on one or two prior occasions; that, however, the applicant has not met the burden of proof in showing that the deceased operated the elevator with the knowledge or consent of the respondent, or of any of his superiors in the employment of the respondent."

The treble compensation was claimed by appellant under sec. 102.60 (3) and sec. 103.05 (3), Stats. The former section provides for treble the amount of compensation otherwise recoverable, "if the injured employee is a minor of permit age, or over, and at the time of the injury is employed, required, suffered, or permitted to work at prohibited employment;" and the latter section prohibits employment of minors under eighteen years of age "in the running or management of any elevators, lifts or hoisting machines." Appellant contends that it is not necessary, in order to entitle him to treble compensation, for him to establish that the deceased was operating the elevator with the knowledge or consent of the employer or of the deceased's superiors in its employment; but that it was sufficient to prove the existence of merely the conditions which are ordinarily essential to subject the employer to liability for primary compensation, viz., that when injured, the employee was performing service growing out of and incidental to his employment; that he did not intentionally self-inflict the injury; and that, at the time of the injury, employer and employee were subject to the provisions of the compensation act.

It is, of course, well established that "the burden of proving the facts essential to compensation is on the claimant." *Winter v. Industrial Comm.* 205 Wis. 246, 237 N. W. 106. Consequently, to entitle appellant to treble compensation, it was essential for him to prove that, in addition to the existence of the facts essential to subject the employer to liability for primary compensation, the employee was, at the time of injury, "employed, required, suffered, or permitted" by the employer to run or manage the elevator, on which he was when injured. Manifestly, if in fact the son's operation or use of that elevator was without the knowledge or consent of the employer, or the injured employee's superiors in its employment, then the employer did not employ, require, suffer, or permit him to run or manage the elevator. Consequently,

as the burden of proving all facts essential in order to become entitled to the type of compensation claimed was on the appellant, as the claimant, it was necessary for him to meet that burden of proof by establishing in this case the existence of such knowledge or consent.

It is true that the commission's finding that "the applicant has not met the burden of proof" in that respect, is not, strictly speaking, a direct finding as to the ultimate essential fact that the operation was without the knowledge or consent of the employer. Whether the deceased was operating the elevator with, or whether he was operating it without, the knowledge or consent of his employer, was the ultimate fact in issue; and the proposition of whether the appellant had or had not met the burden of proof as to that issue was merely a matter which the commissioners had to consider and determine in the course of the mental process of arriving at the solution of that issue as to that ultimate fact. However, in this case, the commission's failure to also state the consequence of its finding that the appellant has not met the burden of proof is not necessarily fatal. Under the circumstances, the legal effect of the commission's finding that "the applicant has not met the burden of proof in showing that the deceased operated the elevator with the knowledge or consent of the respondent or any of his superiors in the employment of the respondent" is necessarily that, as far as appears under the evidence, there was no such knowledge or consent on the part of the employer. Consequently, the commission, having determined that the applicant has not met the burden which was on him of proving the existence of such knowledge or consent, should, and with the record in that state could only, have found that there was no such knowledge or consent. That would have been a finding directly as to that ultimate fact instead of merely indirectly—but nevertheless in legal effect—reaching that result by the mere finding that the

applicant has not met the burden of proof to establish that fact. As we said in *Winter v. Industrial Comm., supra,*—

"If the evidence before the commission was such as to raise in the minds of the commission a legitimate doubt as to the existence of facts essential to compensation, it would be the duty of the commission to deny compensation, on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were as he claimed them to be."

As a review of the evidence discloses that the commission was warranted in finding that the appellant did not sustain the burden of proving that essential ultimate fact to the satisfaction of the commission, its finding is conclusive, even though there was some evidence which would have supported a finding to the contrary. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *Winter v. Industrial Comm., supra; Michigan Quartz Silica Co. v. Industrial Comm.* 214 Wis. 289, 252 N. W. 682.

Appellant, however, contends that that result is obviated by reason of the fact that in stipulating, as basis for primary compensation, that "while performing service growing out of and incidental to his employment" Rutta accidentally sustained the fatal injury, the employer admitted that it was subject to the compensation act in respect to treble compensation, as well as primary compensation. That contention fails for two reasons: First, by its express terms that stipulation "pertains only to primary compensation." By reason of that express limitation that stipulation was not binding as to treble compensation. Second, in view of the undisputed evidence that at the time of injury the deceased was getting excelsior for a coemployee who had no supervisory authority over the deceased, and that he had been forbidden by his employer to operate any power-driven appliance, the commission was not bound to find that, by reason of the provision in

that stipulation that the deceased was injured, "while performing service growing out of and incidental to his employment," the employer admitted that the deceased was operating the elevator with his employer's knowledge or consent, or that his employer had employed, required, suffered, or permitted him to operate it.

*By the Court.*—Judgment affirmed.