THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent, vs. INDUSTRIAL COMMISSION and others, Appellants.

*April 2—June 22, 1936.*

For the appellants State of Wisconsin and Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

The following opinion was filed April 28, 1936:

NELSON, J.  Prior to January 13, 1931, Francesco Giardina, a widower, forty-four years of age, had been in the employ of the plaintiff for about seventeen years.  On that day he was engaged in tightening rail joints and repairing frogs on plaintiff's track.  Upon returning to his sister's home where he resided, at about a quarter to five on that day, he first went to the bathroom and washed.  Shortly thereafter, when he appeared in his sister's presence, he was looking at his finger.  Upon being asked by his sister what the matter was, he stated that he had scratched his finger on an iron rail on that day.  The sister testified that she looked at the scratch, that it was not quite an inch long, not very wide, and that there was no red on it.  He continued to work for the next two days.  On January 16th, he complained to a fellow employee that he was not feeling well, that he had a pain under his right arm, but he nevertheless worked until noon.  He lay around the tool house most of the afternoon and then went home.  Dr. Klein, a member of the plaintiff's staff of physicians and surgeons, was called to treat him.

Dr. Klein did not discover at that time that Giardina was suffering from septicemia. Dr. Klein examined him again on January 17th. At that time he discovered the true nature of Giardina's illness, and that the source of the infection was the scratch on his finger. At that time Giardina told Dr. Klein that he got hurt on his right hand on or about January 13th while he was in the employ of the plaintiff and while handling an iron rail. On January 18th, Giardina was removed to a hospital, where he died two days later as a result of septicemia. Dr. Klein reported the matter to the plaintiff and also to the coroner. A certified copy of Giardina's death certificate was received in evidence. From the death certificate it appears that "the principal cause of death and related causes of importance in order of onset were as follows: Accidental scratch on right index finger while handling iron rail;" that the "contributory causes of importance not related to principal cause" was "septicemia." The death certificate further stated that death was due to accident and that the injury occurred "while at work." The plaintiff objected to the competency of decedent's declarations made to his sister and to Dr. Klein, as to how, when, and where he scratched his finger. Plaintiff also objected to the introduction in evidence of the report of the coroner and the death certificate.

The plaintiff earnestly contends that the commission exceeded its powers in finding that Giardina, while performing services growing out of and incidental to his employment, scratched his finger, because there is no competent testimony to support such finding. Under the law, as it existed on January 13, 1931, liability of an employer for compensation for any personal injury accidentally sustained by an employee and for his death existed only in those cases where the following conditions of compensation occurred:

"(1) Where, at the time of the accident, both the employer and employee are subject to the provisions of sections 102.03 to 102.34, inclusive.

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment." Sec. 102.03, Stats. 1929.

The burden of proving that the requisite conditions existed, rested upon the applicants. *Winter v. Industrial Comm.* 205 Wis. 246, 237 N. W. 106; *Rutta v. Industrial Comm.* 216 Wis. 238, 257 N. W. 15; *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336.

It has been said over and over again that if there is any credible evidence to support the findings of the commission they cannot be disturbed. *Michigan Quartz Silica Co. v. Industrial Comm.* 214 Wis. 289, 252 N. W. 682; *Wisconsin Granite Co. v. Industrial Comm.* 214 Wis. 328, 252 N. W. 155.

In *Creamery Package Mfg. Co. v. Industrial Comm.* 211 Wis. 326, 248 N. W. 140, it was said that a reversal may be inevitable when there is no competent evidence introduced as to a fact which must be established in order to support an essential finding, citing *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53. In the latter case it was said:

"The statute contemplates . . . that the decision of the commission shall be based on evidence and not arbitrarily made."

In *Vilter Mfg. Co. v. Industrial Comm.* 192 Wis. 362, 212 N. W. 641, and *Gomber v. Industrial Comm.* 219 Wis. 91, 261 N. W. 409, the expression "competent evidence" was employed.

In *Hills Dry Goods Co. v. Industrial Comm., supra,* Mr. Chief Justice ROSENBERRY, speaking for the court, said:

"The real question is, in a particular case, Is there or is there not evidence of the fact found? The test suggested by Mr. Wigmore is perhaps as good as any that can be suggested. As applied to Industrial Commission cases it is:

'Are there facts in the evidence which if unanswered would justify a person of ordinary reason and fairness in affirming the existence of the facts which the claimant is bound to establish?' 5 Wigmore, Evidence, § 2494."

Whether findings of the commission may be sustained if they rest upon pure hearsay testimony has never been decided by this court. In *First Nat. Bank v. Industrial Comm.* 161 Wis. 526, 154 N. W. 847, the court adverted to that question but reserved a decision upon it, because in the opinion of the court there was sufficient competent evidence to support the findings of the commission.

Whether findings of the commission, in the absence of a statute permitting the consideration by it of such testimony, may properly be based upon hearsay testimony, will, when a determination of that question is necessary to a decision, present an interesting and perhaps difficult question to decide. See Wigmore, Evidence, 1934 Supp. to 2d ed. p. 11, where numerous cases involving this specific question are listed and the holdings therein briefly digested. A reading of those cases would seem to support the conclusion that in the absence of a statute permitting the consideration by the commission of hearsay testimony, the findings of the commission must be supported by some competent evidence.

However, in our view, it is not now necessary to decide whether an award under our act may be sustained if it rests solely upon hearsay testimony.

In the case at bar, it appears without dispute that on January 13, 1931, Giardina was in the employ of the plaintiff; that he was engaged in the work of tightening rail joints and repairing frogs; that upon returning to his place of residence he washed his hands and then exhibited to his sister a scratch on one of his fingers; that within a few days he was suffering from septicemia; that the source of such infection was the scratch or abrasion on his finger; and that he died as a

result of such disease. It does not appear from the undisputed facts recited just where or when or how his finger became accidentally scratched. However, it does appear from the death certificate hereinbefore referred to that the cause of his death and the related causes of importance in order of onset were as follows:

"Accidental scratch on right index finger while handling iron rail," and "while at work."

Do the recitals in the death certificate, reasonably considered, support the inference of the commission that Giardina was accidentally injured while performing services growing out of and incidental to his employment by the plaintiff? In our opinion, under the law of this state, such evidence was competent and it was therefore properly considered by the commission.

Sec. 69.11, Stats. 1929, which was in force at the time of the alleged accident and is still in force, provides:

"The state registrar, register of deeds, or the local registrar of any city or village shall upon request furnish any applicant a certified copy of a record of any birth, *death*, marriage or divorce and when properly certified to *shall be prima facie evidence in all courts and all places of the facts stated therein.*"

It thus appears that the legislature has recognized, by the enactment of this statute, one of the well-established exceptions to the hearsay rule. See Wigmore, Evidence (2d ed.) §§ 1642, 1643 *et seq.,* where the various theories, upon which admissibility of certified copies of death certificates or records is predicated, are discussed. In § 1643, that learned author says:

"Finally, *express statute* in many jurisdictions declares certain kinds of registers admissible,—usually the registers of state and municipal officers, but sometimes also church registers of every sort. Such statutes, so far as they go, re-

move almost entirely the necessity for judicial construction of the principles involved."

In *State v. Pabst,* 139 Wis. 561, 121 N. W. 351, a case involving the question whether certain donations there considered had been made in contemplation of death, as found by the trial court, it was urged that the trial court was misled in its conclusion of fact in that regard as a result of erroneously receiving the death certificate in evidence. It was there held that under our statute a death certificate is a public record, that its contents are published to the world and are not privileged, and that it may be admitted as *prima facie* evidence of its material contents. To the same effect is *McGinty v. Brotherhood of Railway Trainmen,* 166 Wis. 83, 164 N. W. 249. Such certificates, therefore, are clearly *prima facie* evidence of the facts stated therein although such facts are subject to rebuttal. Under our statute and the law of this state, the death certificate was competent evidence of the facts stated therein. There was no testimony which required the commission to find that the facts stated therein were rebutted. It is true that the statements contained therein were undoubtedly based upon the information given by Dr. Klein, which in turn was based upon hearsay declarations made by Giardina to Dr. Klein at the time the latter was treating him. There was evidence, also, given by two fellow servants who were working with Giardina on January 13th, to the effect that they did not see Giardina sustain any accident while at work, did not hear him complain of having scratched his finger, and did not observe that his finger was scratched. Such evidence was negative in character and the commission was not bound thereby. In our opinion, the undisputed facts of this case, coupled with the facts stated in the death certificate, are sufficient to support the findings of the commission. This being true, the circuit court was without power to set aside the award. Under the well-established law, the find-

ings of the Industrial Commission may be set aside only when there is no credible evidence to sustain them.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the order and award of the Industrial Commission.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.