(No. 4198— Consolidated with No. 4199 —

THOMAS ROONEY AND MARY ROONEY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

LITTLE, WILSON AND CLAUSEN, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

These cases were consolidated for hearing and opinion, since both arose out of the same occurrence.

Claimants, Thomas Rooney and his wife, Mary Rooney, seek to recover under the Workmen's Compensation Act for injuries that arose out of and in the course of their employment as cottage parents at the State Training School for Boys, St. Charles, Illinois, operated by the Department of Public Welfare.

On July 7, 1950, an opinion was handed down in these cases in which an award was made to claimant, Thomas Rooney, for temporary total disability that he had not been paid, and a specific loss under Section 8 (e) of the Act; and an award was made to claimant, Mary Rooney, for total permanent disability, plus a pension for life, and, in addition, she was awarded a small sum for medical expenses incurred by her.

On July 31, 1950, respondent filed a petition for rehearing applicable only to the award to Thomas Rooney. Such petition for rehearing was granted on August 7, 1950.

On September 6, 1950, claimant, Thomas Rooney, and respondent filed a stipulation in his case, the effect of which is to remove entirely from this case his claim for specific loss, which the original opinion had erroneously awarded him. Such stipulation is hereby approved, and the remainder of this opinion has been recast to reflect the impact of the stipulation.

It should also be mentioned that this opinion on rehearing is final on the date of its filing. The award to Mary Rooney has already become final, neither side having requested a rehearing within the time allowed. The award made herein to Thomas Rooney is also final, since we construe the intent of the stipulation to be that both sides waive any further rights to petition for rehearing.

On November 25, 1948, claimants were supervising inmates in Adams Cottage at the aforesaid institution.

Certain inmates requested Thomas Rooney to join them in a game of cards, but when he entered the room with them, he was attacked and brutally beaten, chiefly over the head. Mary Rooney heard the commotion, and rushed to her husband's assistance, and suffered the same brutal treatment. The inmates who participated in this cruel and premeditated assault did it as the first step in a plan to escape from the institution.

Fortunately, one inmate was not a party to the plan, and he was able to rescue Mary Rooney, and get word to other authorities at the institution. Thomas Rooney lay unconscious in the room where the assault began, but, Mary Rooney, with assistance, was able to get to a doctor on the school grounds.

Thomas Rooney sustained a compound skull fracture, several head lacerations, and a fractured little finger on his left hand. He was taken immediately to the Illinois Research Hospital, Chicago, Illinois, where he remained for 10 to 12 days. His recovery was uneventful, but he has not worked for respondent since the date of the accident.

The only permanent effects that Thomas Rooney has from his accident are a minor denting of the skull, intermittent headaches, and ringing and buzzing in his ears. There is a definite loss of hearing in both ears, attributable to the accident, but not being total and complete, no recovery can be had by virtue of Section 8 (e) (17) of the Workmen's Compensation Act.

Thomas Rooney suffered from traumatic neurosis for a considerable period of time after his accident. On October 13, 1949, one of respondent's doctors so found, and based his finding on the frightful and terrifying experience Thomas Rooney had gone through, coupled with his severe injuries. However, on January 16, 1950, one

of claimant's doctors found that his neurosis was no longer disabling. Thomas Rooney is, therefore, not entitled to an award for total permanent disability.

Thomas Rooney, although so alleging in his complaint, offered no proof as to partial permanent disability. But he is entitled to compensation for temporary total disability from the day after his accident on November 26, 1948, up to and including January 16, 1950.

Mary Rooney sustained lacerations on her head, requiring twenty-seven stitches, mild concussion, shock, contusions of the chest, and abrasions on the legs. She was hospitalized for two weeks at the Community Hospital, Geneva, Illinois. Subsequently, she has been periodically under the care of doctors, and has performed no services for respondent.

On the date of the last hearing in this case on January 17, 1950, Mary Rooney suffered from severe headaches, weakness, loss of weight, general rundown condition, debility, dizziness, ringing in her ears, and a definite fear complex. She appeared much older than her actual age, and could no longer stay alone in her home, or in the dark. In other words, Mary Rooney exhibited a typical case of traumatic neurosis, which had rendered her totally and permanently disabled. Her condition was felt to be permanent, and medical authorities indicate that a recovery from severe traumatic neurosis of such duration in a female is exceedingly remote. *Gray's Attorneys' Textbook of Medicine,* vol. 2, para. 101.02, 101.04, 101.10.

This Court has previously granted awards in "neurosis" cases. *Gross* v. *State,* 11 C.C.R. 310; *Molsen* v. *State,* No. 4168, opinion filed February 14, 1950; *Peoples* v. *State,* No. 4248, opinion filed June 6, 1950. Our opinions are supported by decisions of the Supreme Court

of Illinois. *Harrisburg Coal Co.* v. *Ind. Com.*, 315 Ill. 377; *U. S. Fuel Co.* v. *Ind. Com.*, 313 Ill. 590; *Postal Tel. Co.* v. *Ind. Com.*, 345 Ill. 349.

Mary Rooney is, therefore, entitled to an award for total permanent disability, plus a lifetime pension.

The record also discloses that Mary Rooney has paid the sum of $33.00 for medical treatment for which she has not been reimbursed.

Two hearings were held in this case before Commissioner Wise. The first hearing was reported by Mildred Pratt Conner, and the second by Hildegard Daleiden, Aurora, Illinois. Charges of $36.00 and $46.20, respectively, were incurred, which charges are reasonable. The bill of Mildred Pratt Conner was paid for by the law firm of Little, Wilson and Clausen, Aurora, Illinois, and an award for $36.00 is entered in favor of such firm. An award is entered in favor of Hildegard Daleiden for $46.20.

On the date of the accident Thomas Rooney was 58 years of age, and Mary Rooney was 55 years of age. Neither had any children under the age of sixteen dependent upon them for support. The earnings of Thomas Rooney and Mary Rooney in the year prior to their accident amounted to $1,907.00 and $1,823.17, respectively. The rate of compensation for each is, therefore, $19.50 per week.

Under the formula used by the Department of Public Welfare, claimants were each paid after the accident one month at full salary, and five months at 60 per cent of full salary. Payments to Thomas Rooney amounted to $760.44, and to Mary Rooney to $656.83.

An award is, therefore, entered in favor of claimant, Thomas Rooney, under Section 8 (b) (L) of the Workmen's Compensation Act for 59 4/7 weeks of temporary

total disability, or the sum of $1,161.64. From this sum must be deducted the payments above referred to, amounting to $760.44, leaving a net award of $401.20, all of which has accrued and is payable forthwith.

An award is, therefore, entered in favor of claimant, Mary Rooney, under Section 8 (a) (b) (f) (L) of the Workmen's Compensation Act for total permanent disability in the amount of $5,200.00, less the sum of $656.83, or a net award of $4 543.17, plus a pension for life of 8 per cent of $5,200.00, or $416.00 per year, payable monthly after said sum of $4,543.17 shall have been paid to claimant. In addition, claimant, Mary Rooney, is entitled to an award of $33.00 for medical expenses incurred by her for which she has not been reimbursed. These awards are payable as follows:

$      33.00 which is payable forthwith for medical expenses,

$1,844.14 less payments of $656.83 already made, or the sum of $1,187.31, which has accrued and is payable forthwith,

$3,355.86 which is payable in weekly installments of $19.50 per week, commencing on September 26, 1950, for a period of 172 weeks, plus one final payment of $1.86, and thereafter a pension for life payable monthly, commencing one month after the date of the payment of said final payment of $1.86 at the rate of $34.66.

Jurisdiction of the case of Mary Rooney, No. 4199, is specifically reserved for the entry of such further orders as may from time to time be necessary. *Penwell v. State*, 11 C.C.R. 365, and the same case, No. 3025, opinion filed May 9, 1950; *Green v. State*, No. 4236, opinion filed June 6, 1950.

These awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."