Johnson, Appellant, v. Industrial Commission
and others, Respondents.

*November 7—December 2, 1958.*

586

For the appellant there was a brief by *Borg, McGill & Moodie* of Superior, attorneys, and *William L. McCusker* of Madison of counsel, and oral argument by *Mr. McCusker* and *Mr. P. G. McGill.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Beatrice Lampert,* assistant attorneys general, and oral argument by *Mrs. Lampert.*

For the respondents Walco Engineering & Construction Company and Standard Accident Insurance Company there was a brief by *Hughes, Anderson & Davis* of Superior, and oral argument by *R. E. Anderson.*

HALLOWS, J. The question on appeal is whether traumatic neurosis is compensable under the Workmen's Compensation Act, and if so, whether the healing period for such mental injury is to be determined solely on a physiological basis.

Dr. Houkom, the Industrial Commission, and the circuit court took the view that the limitation in the use of the appellant's arm after November 1, 1954, was a residual. The Industrial Commission could only find such permanent partial disability on the basis that traumatic neurosis existed and caused such limitation of use. Either the appellant has a true case of traumatic neurosis or hysteria, or he is malingering. This was a question of fact for the commission to decide. The finding of disability necessarily rules out malingering and is based upon the evidence that the accident caused not only physical injury but also the appellant's mental condition. From the evidence the disability is real and there is no proof of malingering. From a review of the record we

are satisfied that the appellant has an honest, fixed, definite, and continuing belief that he is suffering severe pain in his right arm and hand and is unable consciously to use the arm to its fullest extent. We point out that the neurosis suffered by the appellant was the direct result of the injury and not one collateral or unrelated thereto.

While this court has not heretofore held that traumatic neurosis is compensable under the Workmen's Compensation Act we believe that traumatic neurosis or hysteria caused by an industrial accident is a compensable injury. In *Miller Rasmussen Ice & Coal Co. v. Industrial Comm.* (1953), 263 Wis. 538, 57 N. W. (2d) 736, this court held the psychiatric reports were too uncertain and lacking in positiveness to support the commission's finding that a slight injury in 1945 caused the employee's traumatic neurosis. The implication in this case and the view of the dissenting opinion was that traumatic neurosis is a compensable injury.

Injury is defined in sec. 102.01 (2), Stats., as " 'injury' is mental or physical harm to an employee caused by accident or disease." This section recognizes there may be two effects of an accident: (1) Physical harm, which involves the body in some muscular, orthopedic, anatomical, or other physical aspects, and (2) mental harm, which affects the human mind in many different ways. The mental health of a person is as important as his physical health. The impairment of either may result in an actual physical inability to work. However, claims for mental injury under the Workmen's Compensation Act should be examined with caution and carefulness because of the danger inherent in such cases of malingering. Traumatic neurosis and malingering are sometimes confused, but there are objective criteria by which the two conditions can be distinguished. See 3 Current Medicine for Attorneys, No. 14, November, 1956, p. 27.

Many states have recognized that where occupationally incurred injury to the body and shock to the nervous system

produces a neurosis resulting in disability or death it is compensable. 1 Larson, Law of Workmen's Compensation, p. 616, sec. 42.22, and cases cited; Anno. Workmen's Compensation—Neurasthenia, 44 A. L. R. 500; Horovitz, Injury and Death Under Workmen's Compensation Laws, p. 75. For a discussion of traumatic neurosis, its medical background, and as a basis for liability see articles in 41 Marquette Law Review, 421; 4 Schweitzer, Cyclopedia of Trial Practice, Injuries to the Nervous System, p. 2425, sec. 8; McBride (5th ed.), Disability Evaluation, Principles of Treatment of Compensable Injuries, p. 638.

A recent case involving neurosis of the type known as conversion hysteria was held a compensable injury under the Workmen's Compensation Act even where the complainant suffered from a mental or personality disturbance which existed prior to the injury. *Redfern v. Sparks-Withington* (Mich. 1958), 91 N. W. (2d) 516. In *Rialto Lead & Zinc Co. v. Industrial Comm.* (1925), 112 Okla. 101, 240 Pac. 96, a mental condition known as neurasthenia which existed as a direct result of a physical injury sustained by the employee and which prevented him from working, was held to be compensable under the Oklahoma Workmen's Compensation Act. In *United States Fuel Co. v. Industrial Comm.* (1924), 313 Ill. 590, 145 N. E. 122, it was held that an employee who has an honest, fixed, and continuing belief that he is suffering severe bodily pain which manifested itself in his inability to do work and in his gait, which was brought about by accidental injury, was entitled to compensation.

In *Ladner v. Higgins, Inc.* (La. 1954), 71 So. (2d) 242, the employee, a "chipper," suffered a shoulder injury when the scaffolding upon which he was standing collapsed. Some months later, while working in an unrelated employment, he picked up a "chipper's" gun and almost immediately

suffered a reaction which induced temporary blindness and vomiting. Compensation was allowed.

Many courts which have considered this problem have held that where there has been a physical injury or trauma and the claimant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis the disability including the effects of the neurosis is compensable. The acceptance of this ruling has involved many different kinds of neurosis. See 1 Larson, Law of Workmen's Compensation, p. 616, sec. 42.22.

One case has gone so far as to allow recovery for traumatic neurosis coming on much later as a change in condition. *Skelly v. Sunshine Mining Co.* (1941), 62 Idaho, 192, 109 Pac. (2d) 622. A neurotic mental disability is as real as any other disability and may be as disastrous. In *Redrick v. Knapp Brothers Co.* (1937), 127 Pa. Super. 92, 95, 193 Atl. 117, the court said:

"There can be no reasonable doubt, in our opinion, that the employee's death was the direct result of the accident, that is, it [his death] was brought about by fear and worry that the punctured wound in his foot, caused by his stepping on a nail, would result in lockjaw."

Compensation for traumatic neurosis may be awarded after all physical symptoms have disappeared. Such recovery was allowed in *American Smelting & Refining Co. v. Industrial Comm.* (1942), 59 Ariz. 87, 123 Pac. (2d) 163, where the physical effects of the falling of rock on the claimant's shoulder had cleared up but complete paralysis of one arm remained, which was attributed solely to hysteria. A workman who had entirely recovered from muscular injury to his leg was granted compensation where he suffered from traumatic neurasthenia resulting from the accident, and honestly, though mistakenly, believed he could not work. *Eaves v. Blaenclydach Colliery Co.* (Ct. App. 1909), 2 K. B.

73, 75. The court said in the *Eaves Case*: ". . . it seems to me entirely a fallacy to say that a man's right to compensation ceases when the muscular mischief is ended, though the nervous or hysterical effects still remain."

Some courts have denied compensation but usually on the ground that the evidence failed to show a causal connection between the injury and neurosis. *Miller Rasmussen Ice & Coal Co. v. Industrial Comm., supra; Phelps Dodge Corp. v. Industrial Comm.* (1935), 46 Ariz. 162, 49 Pac. (2d) 391; *Zobitz v. Ely* (1945), 219 Minn. 411, 18 N. W. (2d) 126; *Condiles v. Waumbec Mills* (1948), 95 N. H. 127, 58 Atl. (2d) 726.

The Industrial Commission found the healing period terminated on November 1, 1954, because the condition of the appellant's arm became static or remained about the same thereafter. There was no credible testimony that the appellant was ever treated for traumatic neurosis, but there was credible and undisputed testimony by Dr. Gowan that the use of the appellant's arm could probably be improved by psychiatric treatment of the appellant. The commission was in error as a matter of law in finding that the healing period, based solely on an orthopedic basis to an arm, applied to a traumatic neurosis condition.

The healing period applicable to a mental injury is not necessarily determined by what would be the healing period for a physical injury if unconnected or not related to such mental harm. The reasoning adopted by the Industrial Commission would make untreated mental injuries residuals of physical injuries after the physical healing period was over. Traumatic neurosis may be a residual after treatment and such residual measured by the resulting physical incapacity for work. But until the mental condition is treated it is impossible to determine whether it is permanent or temporary. See *Wareham v. United States Rubber Co.* (1947), 73 R. I. 207, 54 Atl. (2d) 372.

The healing period applied to mental harm, to paraphrase the language applied to physical injury in *Knobbe v. Industrial Comm.* (1932), 208 Wis. 185, 242 N. W. 501, would be the period prior to the time when the mental condition becomes stationary and would require a postponement of fixing permanent disability, if any, to the time when it becomes apparent that the mental condition, to a medical certainty, will become no better or worse. As said in the *Knobbe Case* (p. 189), "The healing period is expected to be temporary, during it the employee is submitting to treatment, is convalescing, still suffering from his injury, . . ."

Mental harm may not totally disable the employee from work, either temporarily or permanently. Evidence in this case tends to show the only effect of the appellant's traumatic neurosis is to somewhat limit the use of his right arm. There is no credible evidence that the appellant is permanently partially disabled.

No allowance can be made in a compensation award for a disability which does not interfere with earning capacity. *Shymanski v. Industrial Comm.* (1956), 274 Wis. 307, 79 N. W. (2d) 640; *Montello Granite Co. v. Industrial Comm.* (1938), 227 Wis. 170, 278 N. W. 391, and cases cited in 16 West's Wis. Stats. Anno., note 14, p. 295.

We conclude this case should be remanded for further hearing and specific determination of the following questions: (1) What was the end of the healing of the traumatic neurosis period or is it ended; (2) the extent of the disability to the close of such healing period, and (3) if the healing period is over at the time of said hearing what, if any, is the permanent disability? The conclusions of the doctors should be required to a medical certainty or at least to reasonable medical probabilities in accordance with the suggestions made in *Miller Rasmussen Ice & Coal Co. v. Industrial Comm., supra,* page 554.

*By the Court.*—Judgment reversed, with directions to set aside the order of the Industrial Commission and remand the case to the commission for further proceedings consistent with this opinion.

BROWN, J., took no part.

BROADFOOT, J. (*dissenting*). I am unable to agree with the decision of the majority of the court in this case. A study of the record leaves a grave doubt in my mind that claimant's neurosis was a result of his earlier injury. If the commission entertained the same doubt then it was its duty to deny the additional compensation requested. That rule has often been expressed by this court. In *Beem v. Industrial Comm.* 244 Wis. 334, 337, 12 N. W. (2d) 42, it was stated as follows:

" 'If the evidence before the commission was such as to raise in the minds of the commission a legitimate doubt as to the existence of facts essential to compensation, it would be the duty of the commission to deny compensation, on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were as he claimed them to be.' *Winter v. Industrial Comm.* 205 Wis. 246, 250, 237 N. W. 106; *Rutta v. Industrial Comm.* 216 Wis. 238, 257 N. W. 15; *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336; *Milwaukee E. R. & L. Co. v. Industrial Comm.* 222 Wis. 111,. 267 N. W. 62; *Bowen v. Industrial Comm.* 239 Wis. 306, 1 N. W. (2d) 77."

The same rule has been cited with approval in *Molinaro v. Industrial Comm.* 273 Wis. 129, 76 N. W. (2d) 547, and *Johnston v. Industrial Comm.* 3 Wis. (2d) 173, 87 N. W. (2d) 822.