MILWAUKEE COUNTY, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Respondent,

Elizabeth NEAL, Defendant.

Court of Appeals

*No. 95–0541. Submitted on briefs September 6, 1995.—Decided September 12, 1996.*

(Also reported in 556 N.W.2d 340.)

For the plaintiff-appellant the cause was submitted on the briefs of *Mark A. Grady*, principal assistant corporation counsel, for Office of Milwaukee County Corporation Counsel, with *William R. Sachse, Jr.,* of counsel, of *Peterson, Johnson & Murray, S.C.,* of Milwaukee.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the briefs of *James E. Doyle*, attorney general, with *Stephen M. Sobota*, assistant attorney general.

For the Wisconsin Association of Trial Lawyers, the cause was submitted on the amicus curiae briefs of *Thomas M. Domer* of *Shneidman, Myers, Dowling & Blumenfield,* of Milwaukee.

For Civil Trial Counsel of Wisconsin, Wisconsin Insurance Alliance, and Wisconsin Manufacturers and Commerce, the cause was submitted on the amicus curiae briefs of *Joseph P. Danas, Jr.,* and *J. Patrick*

*Condon* of *Borgelt, Powell, Peterson & Frauen, S.C.*, of Milwaukee.

Before Fine and Schudson, JJ., and Michael T. Sullivan, Reserve Judge.

SULLIVAN, Reserve Judge. At issue in this case is whether an employee is required to prove unusual stress in order to receive worker's compensation benefits for a nervous disability that resulted from emotional stress. We conclude that an employee must prove unusual stress in order to receive such benefits and, accordingly, we reverse the circuit court's order affirming a Labor and Industry Review Commission decision, which held otherwise. Further, we remand the matter to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND.

The following facts are undisputed and are contained in the administrative law judge's findings of fact. In October 1992, Elizabeth Neal worked as a custodian at the Milwaukee County Medical Complex. On the morning of October 27th, Neal was summoned to her immediate supervisor's office. Her supervisor brought out a number of concerns about Neal's job performance. Neal did not agree with her supervisor's assessment of her work, and became very upset and afraid. Neal experienced a tightness across her chest and as she left her supervisor's office, she felt weak and dizzy. She fainted and fell to the floor.

Neal was taken to the hospital emergency room. Over a period of four days, the hospital treated her for chest pain, chest pressure, and high blood pressure. Doctors diagnosed her upon discharge as suffering

from vasovagal syncope (a fainting spell) and hypertension. After Neal's release from the hospital, she continued to receive follow-up care from her family physician, Dr. John Krueger. Dr. Krueger released Neal to return to work on November 23, 1992, and she began working that day.

Neal filed a claim for worker's compensation benefits, which her employer, Milwaukee County, denied. Neal then filed an application for an administrative hearing seeking worker's compensation benefits. In her claim with the agency she alleged:

> Chest pains and fainting caused blood pressure to get high, was in hospital for four days from this incident [brought] on by stress related from a confrontation with the supervisor in office. Went to my own private doctor after being released from County hospital doctors. He then continued to treat me for stress that gave bodily symptoms of high blood pressure, chest pains, anxiety attacks and sleeplessness.

Neal sought temporary total disability from October 27, 1992, through November 23, 1992.

Following a hearing, the administrative law judge found that Neal's disability was caused by emotional stress. The administrative law judge based this finding on the opinion testimony of Dr. Krueger. Further, the administrative law judge found that because Neal suffered from physical symptoms resulting from the emotional stress, she was entitled to the benefits.

Milwaukee County then sought review with the Commission, which adopted the administrative law judge's position. Finally, Milwaukee County appealed to the Milwaukee County Circuit Court, which also adopted the reasoning of the administrative law judge.

The County now seeks review pursuant to § 102.23, STATS.

## II. ANALYSIS.

Worker's compensation benefits are solely the creatures of Chapter 102, STATS. *See State v. LIRC*, 136 Wis. 2d 281, 286, 401 N.W.2d 585, 588 (1987). "[T]he quasi-contractual status of the worker in relation to the employer is the result of a legislatively imposed social compact by which an employee acquires rights not recognized by the common law and the employer and its insurer are subject to only limited or scheduled liability." *Id.* at 287, 401 N.W.2d at 588.

To qualify for worker's compensation benefits under Chapter 102, STATS., an employee must establish the five conditions set forth in § 102.03(1)(a)-(e), STATS. The focus of this case is on the requirement that "the employe[e] sustains an injury." Section 102.03(1)(a), STATS. Section 102.01(2)(c) defines "injury," in part, as a "mental or physical harm to an employe[e] caused by accident or disease." Section 102.01(2)(c), STATS.

Wisconsin courts have "always exercised a degree of hesitancy in granting compensation for mental injuries—especially those injuries of non-traumatic causation." *School District No. 1 v. DILHR*, 62 Wis. 2d 370, 376, 215 N.W.2d 373, 376 (1974). Indeed, "claims for mental health under the [Worker's] Compensation Act should be examined with caution and carefulness because of the danger inherent in such cases of malingering." *Johnson v. Industrial Comm'n*, 5 Wis. 2d 584, 589, 93 N.W.2d 439, 443 (1958).

Thus, Wisconsin courts have consistently held that "mental injury non-traumatically caused must have resulted from a situation of greater dimensions than

the day-to-day emotional strain and tension which all employees must experience." *School District No. 1*, 62 Wis. 2d at 377-78, 215 N.W.2d at 377. Hence, "[o]nly if the 'fortuitous event unexpected and unforeseen' can be said to be so out of the ordinary from the countless emotional strains and differences that employees encounter daily without serious mental injury will liability under Chapter 102 be found." *Id.* at 378, 215 N.W.2d at 377.[1]

We now turn to the agency decision in this case. The administrative law judge rejected the County's contention that Neal was "required to establish unusual stress to prevail in her claim." The administrative law judge, without citation to legal authority, stated: "Because [Neal] suffered physical complaints and injury as a result of job related stress, [Neal] is only required to prove medical causation between the job stress and the physical injury."

The Commission, in reviewing the administrative law judge's decision, stated:

> [T]he requirement that an injured worker present evidence that her injury resulted from unusual stress on the job applies only in cases in which the applicant is making a claim for a non-traumatic mental stress injury. In this case, the applicant filed a claim based on the fact that she suffered a physical injury in the nature of tightness in her

---

[1] *See also Jenson v. Employers Mut. Casualty Co.*, 161 Wis. 2d 253, 269, 468 N.W.2d 1, 7-8 (1991) (concluding mental injury was compensable under Chapter 102 because conditions to which employee was exposed "were beyond those common to her occupational life."); *Swiss Colony, Inc. v. DILHR*, 72 Wis. 2d 46, 56, 240 N.W.2d 128, 133 (1976) (holding Worker's Compensation benefits were due where employee's mental disability was caused by "unusual work stress").

chest, dizziness and a fainting spell. The applicant is not making a claim for a non-traumatic mental injury, and therefore, the administrative law judge appropriately found that the applicant was not required to establish unusual stress to prevail in her claim.

■

In essence, this case hinges on the administrative agency's interpretation of § 102.01(2)(c), and its definition of "injury." We are not bound by an agency's interpretation of a statute. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539 N.W.2d 98, 102 (1995). In certain cases, however, we accord the agency's interpretation great weight. *Id.* at 660, 539 N.W.2d at 102.

> Great weight deference is appropriate once a court has concluded that: (1) the agency was charged by the legislature with the duty of administering the statute; (2) that interpretation of the agency is one of long-standing; (3) that the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) that the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Id.* While we conclude that this is seemingly a case where we should give great weight to the agency's interpretation, this interpretation must also be consistent with past judicial analyses of the statute. *Lisney v. LIRC*, 171 Wis. 2d 499, 507, 493 N.W.2d 14, 16 (1992). In this case, we conclude the Commission's interpretation was not consistent with the holdings of *School Dist. No. 1* and its progeny.

The Commission's decision is seemingly premised on a conclusion that only those employee claims for mentally caused mental injuries need be supported by the "unusual stress" test, and that those employee claims for mentally caused "nervous" injuries with physical symptoms must only prove medical causation between the job stress and the physical injury. *See* 1B ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 42.23 at 7-876 (1996) (discussing "a mental or emotional stimulus resulting in a primarily 'nervous' injury."). We disagree with this interpretation of *School Dist. No. 1*. Indeed, as Milwaukee County notes in its brief: "It is practically impossible to imagine a mental injury which does not have some physical side effects." *See School District No. 1*, 62 Wis. 2d at 371, 215 N.W.2d at 374 (employee "unable to sleep or eat, was nauseated, had severe headaches and acute anxiety"); *Swiss Colony v. DILHR*, 72 Wis. 2d 46, 50, 240 N.W.2d 128, 130 (1976) (employee hospitalized for weight loss, insomnia, exhaustion and depression).[2]

In this case, both the administrative law judge and the Commission blurred Neal's stress-caused "nervous" injury with its physical symptoms. Physical symptomology is not the same as physical injury. To read the case law in such a manner destroys the dichotomy between purely mental injuries and physical injuries. Because the agency failed to grasp

---

[2] The Commission cites to *Manitowoc County v. DILHR*, 88 Wis. 2d 430, 276 N.W.2d 755 (1979), to support its interpretation. In *Manitowoc County*, a police officer had a heart attack after a high-speed chase; disability benefits were awarded. *Manitowoc County* is non-dispositive because compensability was conceded and thus not an issue before the supreme court.

the psychogenic aspect of Neal's injury, it concluded that Neal was not required to prove unusual stress as a predicate for compensability under Chapter 102, STATS. The agency and the dissent are wrong; the *School Dist. No. 1* "unusual stress" test is applicable to this case. *See* 1B LARSON, *supra* at § 42.23(b) at 7-923 to 7-924 (discussing Wisconsin's "unusual-stress test"). Because the agency did not properly apply the law in this case, we must reverse the circuit court's order and remand the matter for resolution consistent with this opinion and the mandates of *School Dist. No. 1* and its progeny.

*By the Court.*—Order reversed and cause remanded with directions.

SCHUDSON, J. (*dissenting*). The administrative law judge concluded that Neal suffered a compensable *physical* injury. The ALJ wrote:

> [Milwaukee County's] contention that [Neal] is required to establish unusual stress to prevail in her claim is found to be without merit. *Because [Neal] suffered physical complaints and injury* as a result of job related stress, applicant is only required to prove medical causation between the job stress and the physical injury.

(Emphasis added.) Affirming the ALJ, the Commission concluded:

> [T]he requirement that an injured worker present evidence that her injury resulted from unusual stress on the job applies only in cases in which the applicant is making a claim for a non-traumatic mental stress injury. In this case, [Neal] filed a claim based on the fact that she suffered *a physical injury. . . .*

(Emphasis added.)

Although Milwaukee County and the majority prefer to refer to Neal's physical injuries as mere physical "symptoms" of a mental injury, neither refers to any factual basis on which to reject the Commission's factual findings regarding the triggering emotional stress and the resulting physical injury. Milwaukee County argues, however, that under *School District 1 v. DILHR*, 62 Wis. 2d 370, 215 N.W.2d 373 (1974), "claims of disability based upon emotional stress are compensable only if the stress is outside of the ordinary stress suffered by other employees in the same field or occupation." That is so, however, when a mental injury, not a physical injury, is at issue.

The majority now accepts Milwaukee County's misreading of *School District I*, by writing that "both the administrative law judge and the Commission blurred Neal's stress-caused nervous' injury with its physical symptoms . . . [and] failed to grasp the psychogenic aspect of Neal's injury." Majority op. at 260. Nothing in the record, however, suggests that the Commission misunderstood anything about Neal's injury. Quite obviously it understood its "psychogenic aspect," finding that Neal suffered physical injury resulting from job-related stress.

That Neal's physical injury may have a "psychogenic aspect" neither precludes recovery nor catapults Neal to a higher burden of proof. As the *amicus curiae* brief of the Wisconsin Association of Trial Lawyers explains:

> The legislature intended applicants to recover worker's compensation benefits after showing a medical causal connection between work exposure and disability. Where disabling symptoms are

physical, the applicant's burden is satisfied by showing that a physical injury arose out of employment, whether or not the job stress was extraordinary.

A physical injury is compensable even if caused by "ordinary" stress. . . . Only in cases where the injuries are mental/mental ("non-traumatic mental injuries") did the legislature intend to require a higher standard for compensability, that of "extraordinary stress."

. . . .

. . . The Supreme Court implemented the extraordinary stress test to discourage false claims of mental injuries caused by stress. . . . The court's concern in *School District* that the "floodgates" would open in mental injury cases was tempered by the unusual stress test requirement. These concerns are unnecessary and misplaced where disabling physical symptoms exist. Since disabling physical symptoms are more susceptible to objective scrutiny than subjective mental ailments, a more appropriate, admittedly less stringent test should be applied to claims of physical injuries resulting from mental stress.

In this case, the physical symptoms were elevated blood pressure, chest pain and pressure and fainting. These are symptoms subject to quantification through the use of calibrated diagnostic tools. . . . The physical injuries disabled her, not diagnoses associated with non-traumatic mental injury. The Act should be liberally construed to afford workers with mental/physical injuries the right to compensation after offering proof of medical causation between the stress and the injury.

. . . .

. . . Statutorily, injury is defined as "mental or physical harm to an employee caused by accident or

disease." Where the injury is a non-traumatic mental injury, the injury must have resulted from a situation of greater dimension than the day-to-day emotional strain and tension all employees must experience. 102.01(2)(c), n.1. No such additional requirement exists when the disabling symptoms are physical, even though they stem from a sudden mental stimulus.

From a distant appellate perspective, the majority attempts to draw difficult factual distinctions between physical symptoms and physical injuries. Instead, I suggest we return to the basics: (1) worker's compensation law is to be liberally construed to effectuate its purpose—compensating employees for work-related injuries; (2) the law of Wisconsin is "well settled that the determination of disability, its cause, its extent, or duration, present questions of fact and the [Commission's] findings thereon become conclusive if supported by credible evidence." *Vande Zande v. DILHR*, 70 Wis. 2d 1086, 1095, 236 N.W.2d 255, 259-260 (1975) (citations omitted); and (3) as the majority concedes, this is a case "where we should give great weight to the agency's interpretation" of the statute. Majority op. at 259. True to these standards, we should affirm. Accordingly, I respectfully dissent.