Kelly, Appellant, v. Industrial Commission and others, Respondents.

*October 9—November 3, 1959.*

For the appellant there was a brief by *Frank L. Morrow,* and oral argument by *James A. Garvey,* both of Eau Claire.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents Russell Dairy Stores and Hardware Mutual Casualty Company there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison.

Dieterich, J. This action before the circuit court for Dane county was brought for the purpose of setting aside

the findings and order of the Industrial Commission, and the function of the circuit court is to review the record to determine whether or not that finding is supported by credible evidence. *Borden Co. v. Industrial Comm.* (1958), 2 Wis. (2d) 619, 87 N. W. (2d) 261.

In the absence of fraud, findings made by the commission are conclusive. Sec. 102.23 (1), Stats.

The burden of proving that her injury arose out of her employment rested upon Marjorie Kelly. *Peterson v. Industrial Comm.* (1955), 269 Wis. 44, 68 N. W. (2d) 538.

*Facts.*

The plaintiff-appellant, Marjorie Kelly (hereinafter referred to as the "applicant"), was employed on a trial basis as manager of one of the defendant-respondent's dairy stores in Eau Claire from February 18, 1956, through February 24, 1956. The applicant was employed from four to ten each evening. She was assisted by a regular clerk.

On February 23d, the regular clerk was absent and a reserve clerk worked in her place. As a part of the work the employees had to move stock from the rear room to the salesroom. At about 8:30 p. m., on February 23d, the applicant lifted a case containing six half gallons of milk from a stock of similar cases about five feet high. Each case weighed between 30 to 40 pounds, and they hooked into each other by means of short pegs at the corners of each case. Marjorie Kelly testified that as she lifted the top case, jerking it forward to unhook it, she experienced a sharp pain in her back, sharp enough to make her partially drop the case. She claimed that throughout the evening she experienced a "burning fire" in the lower back upon such little exertion as lifting a single half-gallon bottle of milk. She did not mention the incident to the other clerk.

On February 24th, she did mention the incident to the regular clerk. On Saturday, February 25th, the pain became worse and spread to her left leg. Her husband testified that he had to help her in the car to go and visit Dr. Fuson.

Dr. Fuson was not called as a witness. His partner, Dr. Halgrimson, testified that Dr. Fuson's notes showed that on February 25th, the applicant was tested for and found to be suffering from Trichomonas, evidenced by a flagellate in the urine caused by disease.

On February 25th, the applicant called the defendant Russell Dairy Stores' personnel supervisor, and informed her of the visit to the doctor.

On February 28, 1956, the applicant called on Dr. Halgrimson, in the absence of Dr. Fuson, and he testified that he had an impression that her complaint was of a low back strain, but he failed to keep any notes of the visit. He saw her again on March 9, 1956, at which time she had an intermittent pain over the top of the coccyx. Dr. Halgrimson stated that he last examined the applicant for Trichomonas on March 16, 1956. His notes also showed that on March 9, 1956, he recommended a month's rest from work, but there was no indication of any pain radiating to the leg on that date. He further testified that the X rays taken on February 28th were negative, and that at no time that he saw her were there any objective symptoms of a back injury.

On March 24, 1956, applicant experienced an excruciating pain when she bent over to plug in her vacuum cleaner. She claimed that she heard, as well as felt, a "ripping" in her back. She was hospitalized by Dr. Halgrimson and attended by Dr. Ihle, an orthopedist.

Dr. Ihle in his notes stated that her present complaint was in the small of the back with radiation to the left buttock and then down the left lower extremity. Both from the history

given him and his clinical examination, Dr. Ihle made the diagnosis of a herniated intervertebral disc, and he testified that the precipitating factor was the lifting of the milk case on February 23, 1956. Dr. Ihle testified he had no opinion as to her disability, and whether she had such pain as would prevent her from lifting was a matter of applicant's veracity which he assumed in his treatment of her.

The applicant was examined by Dr. Suckle at the request of the insurance company in June, 1956, at which time he advised her to return to light work. The testimony further discloses that until the date of the hearing, April 11, 1957, the applicant had worked only one day as a clerk at a lumber and fuel company, but found the work too strenuous.

Three or four weeks before the hearing she had also called the defendant as to the possibility of obtaining light work.

On October 24, 1956, the applicant was examined by Dr. Burns of the Wisconsin General Hospital for a period of four days. His opinion was that the applicant had not suffered from a herniated disc for the following reasons: (1) The X rays and myelogram were negative; (2) the various tests given in the clinical examinations were negative; and (3) a person suffering from a herniated disc would immediately experience continuous radiated pain into the extremities, whereas applicant had testified that the first radiation of pain into the left leg was several days after the incident, and that her pain has been intermittent.

The applicant on being recalled as a witness testified that her pain had been constant, but that sometimes it was not as bad as at other times. She did not attempt to explain her previous statements to Dr. Halgrimson and Dr. Burns.

Following the hearing, the examiner for the commission entered a finding of fact and order on April 22, 1957, as follows:

". . . the examiner makes the following findings of fact:

"That applicant was employed by the respondent as a store manager for five days; that any lifting applicant did over this period of time was not sufficient to cause or aggravate applicant's back complaint; that nothing of an unusual nature occurred on February 23, 1956, while applicant was lifting a rack of milk; that applicant's severe complaints started at home; that because of the conflict in testimony as to this incident the examiner is unable to determine the correct facts in that regard; that applicant did not sustain injury.

"Now, therefore, this order:

"That the application herein be and the same is dismissed."

The applicant appealed to the commission from the order of the examiner and upon review by the commission, it entered its order as follows:

"That the last two phrases of the examiner's findings of fact be modified as follows: 'That the applicant has not met the burden of proving her claim; that the applicant did not sustain injury arising out of her employment with respondent;' that as modified the findings and order of the examiner are hereby affirmed."

The Industrial Commission is the finder of the facts and the judge of the credibility and weight of the evidence. *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 87 N. W. (2d) 256.

In *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 337, 12 N. W. (2d) 42, it is said:

" 'If the evidence before the commission was such as to raise in the minds of the commission a legitimate doubt as to the existence of facts essential to compensation, it would be the duty of the commission to deny compensation, on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were

as he claimed them to be.' *Winter v. Industrial Comm.* 205 Wis. 246, 250, 237 N. W. 106; *Rutta v. Industrial Comm.* 216 Wis. 238, 257 N. W. 15; *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336; *Milwaukee E. R. & L. Co. v. Industrial Comm.* 222 Wis. 111, 267 N. W. 62; *Bowen v. Industrial Comm.* 239 Wis. 306, 1 N. W. (2d) 77."

An examination of the record discloses that there is credible evidence to sustain the findings of fact of the Industrial Commission. The judgment of the circuit court sustaining the commission's order must be affirmed.

*By the Court.*—Judgment affirmed.